HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* PFEIFFER.

No. 29. Argued October 22, 1937.—Decided December 6, 1937.

*Assistant Attorney General Jackson* argued the cause, and *Solicitor General Reed, Assistant Attorney General Morris, Messrs. Sewall Key* and *Morton K. Rothschild* were on the brief, for petitioner.

---

[6] Compare *Woodward* v. *Boston Lasting Machine Co.,* 60 Fed. 283, 63 Fed. 609 (C. C. A. 1).

*Messrs. John C. Altman* and *A. L. Nash* argued the cause for respondent. With *Mr. Altman* on the brief was *Mr. Roger S. Baldwin.*

By leave of Court, *Messrs. J. Harry Covington, John Thomas Smith* and *Paul E. Shorb* filed a brief as *amici curiae,* in support of the respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This case presents questions of income taxation applicable to stock dividends.

In 1931, Annie M. Pfeiffer, a holder of common stock in William R. Warner Corporation, received as a dividend thereon 6,291¼ shares of its preferred stock. She also received from the corporation in that year $200,000 cash in exchange for 2,000 shares of its preferred stock which she had received as a dividend in 1928. In her income tax return for 1931, she did not include as taxable income either the preferred stock or the $200,000 cash. She did not include the preferred stock received in that year, because she deemed it exempt from taxation under § 115 (f) of the Revenue Act of 1928, 45 Stat. 791, 822. She did not include the $200,000 cash as taxable income, because she considered it the proceeds from the sale of a capital asset. But she did include $180,100 thereof as taxable capital gain on the sale, computing the gain in accordance with the then effective Treasury Regulations. And she paid a tax of $22,512.50 on such capital gain.

The Commissioner assessed a deficiency on each item. He determined that the 6,291¼ shares of preferred stock valued at $629,125, were taxable income of 1931, because not exempt under § 115 (f); and that the $200,000 cash were the proceeds of a redemption under § 115 (g), and hence taxable income. He eliminated the taxable capi-

tal gain reported and assessed a deficiency on each of the items.

The taxpayer sought a review by the Board of Tax Appeals. It affirmed the Commissioner's determination that the preferred stock received in 1931 was taxable income; but reversed his determination as to the proceeds of the 2,000 shares, and said:

"The Commissioner held that the redemption of the 2,000 shares in 1931 was at such time and in such manner as to be substantially equivalent to a taxable dividend in 1931, within the meaning of section 115 (g) of the Revenue Act of 1928. He erred in this since the distribution was subject to tax as a dividend in 1928 (see cases above cited). Thereafter the shares had a basis for gain or loss to the petitioner of $100 each, and they were redeemed without gain or loss to the petitioner at $100 each in 1931."

The Commissioner acquiesced in the Board's decision. The taxpayer sought a review by the Circuit Court of Appeals. It reversed the Board's decision as to the 1931 stock dividend, on the ground that § 115 (f) exempted that dividend from taxation; and it affirmed the Board's decision that the $200,000 cash was not taxable income of 1931, saying, 88 F. (2d) 3, 5:

"The appellee argues that the proceeds from the redemption in 1931 of 2,000 shares of preferred stock distributed as a stock dividend in 1928 should be considered either (a) subject to a tax as a capital gain or (b) subject to taxation as the equivalent of the distribution of a taxable dividend pursuant to section 115 (g) of the Revenue Act. The question of taxability as capital gain of the $200,000 or any part thereof was not in issue before or decided by the Board of Tax Appeals. The contention that we have authority to sustain the deficiency pro tanto even though the issue was not raised before the Board nor decided by it nor assigned as error in the

petition to this court for a review of the Board's decision is untenable. General Utilities & Operating Co. *v.* Helvering, 296 U. S. 200, . . .; Helvering *v.* Salvage, 297 U. S. 106, . . . . The Board held that this stock dividend redeemed in 1931 at $100 per share was taxable in the year 1928 when received and was therefore not taxable under section 115 (g); that it had a basis for gain or loss of $100 per share; and that therefore there was no taxable income from the redemption. The Commissioner did not file a cross-appeal. By the provisions of section 115 (g) the proceeds of the redemption of the stock can be taxed only if it occurs at such time and in such manner as to make the redemption essentially equivalent to the distribution of a taxable dividend. Since the Board did not so find, we cannot support this contention."

The Commissioner's petition for certiorari was granted in connection with that in *Helvering* v. *Gowran, ante,* p. 238, decided this day.

*First.* As to the 1931 dividend in preferred stock, the Commissioner contends that the immunity from taxation conferred by § 115 (f) did not extend to it. We hold, for the reasons stated in Paragraph First of *Helvering* v. *Gowran, supra,* that it was exempt from taxation.

*Second.* As to the $200,000 received in 1931, the Commissioner contends that the Circuit Court of Appeals erred in failing to hold it taxable income, since under the rule declared in *Helvering* v. *Gowran, supra,* the cost was zero.

We are not at liberty to entertain that contention. The Board of Tax Appeals decided that the $200,000 was not taxable income of 1931. As the Commissioner did not seek a review of that decision, which was adverse to him, the Circuit Court of Appeals properly refused to consider the contention. *General Utilities & Operating Co.* v. *Helvering,* 296 U. S. 200, 206. While a decision

below may be sustained, without a cross-appeal, although it was rested upon a wrong ground, see *Helvering* v. *Gowran, supra,* an appellee cannot without a cross-appeal attack a judgment entered below. Compare *United States* v. *American Railway Express Co.,* 265 U. S. 425, 435; *Morley Construction Co.* v. *Maryland Casualty Co.,* 300 U. S. 185.[1] The same rule applies to a decision of the Board of Tax Appeals.

*Third.* The Commissioner requests that, if we hold that the Board erred in declaring that the 2,000 shares received in 1928 were then taxable and refuse to review its decision that the proceeds received in 1931 were not taxable, we should remand the case to the Board to determine whether redemption of the 2,000 shares was made at such time and in such manner as to be essentially equivalent to the distribution of a taxable dividend under § 115 (g). The Commissioner acquiesced in the decision of the Board. No good reason is shown for disturbing it.

*Affirmed.*

Mr. JUSTICE STONE and Mr. JUSTICE CARDOZO think the judgment should be reversed.

The issue before the Board of Tax Appeals was the existence of a deficiency in respondent's income tax for a single year, 1931. The deficiency fixed by the commissioner represented her net tax liability for that year and drew in question every item which entered into computation of the tax. *Lewis* v. *Reynolds,* 284 U. S. 281, 283. Her appeal to the board drew in question her net tax liability on a reëxamination of every item of income in that year which she had challenged in her peti-

---

[1] See also *The Stephan Morgan,* 94 U. S. 599; *Mount Pleasant* v. *Beckwith,* 100 U. S. 514, 527; *United States* v. *Blackfeather,* 155 U. S. 180; *Landram* v. *Jordan,* 203 U. S. 56; *Southern Pine Lumber Co.* v. *Ward,* 208 U. S. 126, 137; *Fitchie* v. *Brown,* 211 U. S. 321, 329; *Bothwell* v. *United States,* 254 U. S. 231.

tion. The commissioner had treated as taxable income of respondent two items, both received in that year, and assessed a deficiency accordingly. They were a dividend paid to the taxpayer in preferred stock, and cash received by her in that year upon the redemption of preferred stock received as a dividend in an earlier year. The Board of Tax Appeals thought respondent was taxable in 1931 on the first but not on the second item, and reduced the deficiency accordingly. It "Ordered and decided, that there is a deficiency for the year 1931 in the amount of $89,841.75."

This Court, upon consideration of the facts stipulated by the parties and found by the board, holds that respondent was taxable upon the full amount of the item of cash received but not upon the stock dividend. But, because the commissioner took no appeal from the order of the board, the Court declines to give any effect to its ruling that the cash is taxable income in 1931. If the commissioner had sought only to increase the deficiency found by the board, it may be conceded that the point would be well taken, but such is not his purpose. On the contrary, he accepts the order and relies upon it as establishing a deficiency of which he asks the benefit only so far as it is sustained by the application, to the facts found, of the rule of law announced by this Court.

The circumstance that the board, by the erroneous application of a rule of law to the facts before it arrived at a deficiency which is sustained by a correct application of a different rule, is not ground for setting aside its order. *Langnes* v. *Green,* 282 U. S. 531, 538–539; *Anderson* v. *Atherton, post, p.* 643; compare *Morley Construction Co.* v. *Maryland Casualty Co.,* 300 U. S. 185. In denying to the commissioner any benefit of the order because he did not appeal, the opinion of the Court gives no hint of any ground upon which the commissioner should or could have appealed so far as the order fixes a deficiency which the record shows is lawfully due or

why the respondent is not free to maintain that the board reached the right result even though the reason it gave was wrong.

The cause should be remanded to the Board of Tax Appeals to recompute the deficiency in conformity with the rule of tax liability laid down in the opinion of this Court, but in an amount not exceeding that which the board has found.

*General Utilities & Operating Co.* v. *Helvering,* 296 U. S. 200, does not require any different result. There it was held that it was error for the circuit court of appeals, on an appeal by the commissioner, to reverse an order of the board and remand the cause for new findings to support a theory of tax liability which first emerged from the case on appeal. Here there is no new issue to be tried by the board. The only issue is one of law which this Court has resolved and which has been implicit in the case from the beginning.