**E. R. SQUIBB & SONS v. HELVERING,**
Commissioner of Internal Revenue.

**No. 233.**

Circuit Court of Appeals, Second Circuit.

March 27, 1939.

L. HAND, Circuit Judge, dissenting.

Cravath, deGersdorff, Swaine & Wood, of New York City (William D. Whitney, of New York City, of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Upon the former disposition of this cause the court held that the taxpayer was not liable for a deficiency in 1932 income taxes based upon the excess of the price received for "treasury shares" reissued in that year over the sum paid to acquire them. This ruling resulted in expunging the deficiency redetermined by the Board; it was grounded upon the principle that Article 66 of Regulations 77[1] and the corresponding article in earlier regulations established an administrative construction that had obtained Congressional approval giving it the force of law. But in the final paragraph of our opinion we suggested that the shares may have had a value at the time of sale (reissue) less than the price ($50 per share) received for them, and that such difference may represent a taxable profit. Accordingly, we remanded the cause to the Board to assess any deficiency based upon differences between the sale price and the value of the shares at the time of sale. By petition for rehearing, which was granted, the taxpayer complains that, since no such question was raised before the Board or before this court, the case should not have been remanded to permit the commissioner to attempt to sustain the deficiency in whole or in part upon a new theory of tax liability suggested by the court sua sponte,[2] and in any event that the suggested theory is erroneous.

The majority of the court as now constituted is of opinion that the regulation in force at the time of the reissue of the stock precludes recognition of the suggested theory of tax liability. See Helvering v. R. J. Reynolds Tobacco Co., 59 S.Ct. 423, 83 L.Ed. ——, United States Supreme Court, January 30, 1939. It expressly provides that the sale of treasury stock is to be considered a capital transaction and that the proceeds of such sale will not constitute income of the corporation. Hence no part of such proceeds will be income, and whether there is a difference between the "value" of the shares and the price at which they are issued is immaterial to a determinaton of the corporation's 1932 income tax. Consequently, the final paragraph of our former opinion should be withdrawn, and the order of the Board should be reversed without a remand of the cause. It is so ordered.

L. HAND, Circuit Judge (dissenting).

The parties originally presented to us only the question covered by the regulation: i. e. whether, when a company buys its own stock "and holds it as treasury stock, the sale of such stock will be considered as a capital transaction". They meant us to decide only that, and we decided it, and the Supreme Court has now affirmed our ruling in another case. However, it occurred to us that conceivably there might be a tax, based upon the difference between the value of the shares at the time of their reissue, and the price then received. I wished at that time not to decide that question, but to give the commissioner leave to apply to the Board for permission to raise it, if he thought it

[1] So far as material Art. 66, Reg. 77, provides: " * * * if the corporation purchases any of its stock and holds it as treasury stock, the sale of such stock will be considered a capital transaction and the proceeds of such sale will be treated as capital and will not constitute income of the corporation. A corporation realizes no gain or loss from the purchase or sale of its own stock."

Article 66 was amended on May 2, 1934 to provide that where a corporation deals in its own shares as it might in the shares of another corporation, the resulting gain or loss may be recognized. But we held the amendment inapplicable to a prior transaction, and so the Supreme Court decided on January 30, 1939. Helvering v. R. J. Reynolds Tobacco Co., 59 S.Ct. 423, 83 L.Ed. ——, October Term, 1938; First Chrold Corp. v. Commissioner, 59 S.Ct. 427, 83 L.Ed. ——, October Term 1938.

[2] The taxpayer relies upon General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 205, 56 S.Ct. 185, 80 L. Ed. 154; Helvering v. Salvage, 297 U.S. 106, 109, 56 S.Ct. 375, 80 L.Ed. 511; Helvering v. Pfeiffer, 302 U.S. 247, 250, 58 S.Ct. 159, 82 L.Ed. 231. The commissioner replies that remand is permissible under Helvering v. Gowran, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224.

worth while. It was not before us, not only because it had not been argued, but because neither the pleadings, nor the evidence, contained a syllable about the value of the shares. Nevertheless, a majority of the court decided that such a tax was assessable. Thereupon, the taxpayer very naturally complained that it had not had its day in court, as it certainly had not. We have now reheard the case—necessarily before another court because of Judge Manton's resignation—and the point has been argued, though for the most part the argument was directed to whether we could decide it on this record. I do not deny that we need not prolong a litigation when it is apparent that a position, which one party wishes to take but has not, is wholly without merit. Here we are not obliged, of course, to let the commissioner waste the Board's time in fruitless controversy. But I do not regard this question as beyond possible debate, and I would avoid deciding it until I knew that it was not moot. On this record it is—absolutely. Moreover, I think it should be more adequately presented than it has been in the briefs, which are all I have had. For this reason I would do exactly what I wanted to do before: send the cause back with leave to the commissioner to apply for permission to amend his answer and set up the defence. I do not therefore join in the ruling made, though I dissent from it as little as I dissented from its exact contrary.