**GONZALEZ et al. v. BOWIE et al.**

No. 3688.

Circuit Court of Appeals, First Circuit.

Nov. 6, 1941.

388

John J. Babe, of Washington, D.C. (A. Cecil Snyder, of San Juan, P.R., on the brief), for appellants.

E. T. Fiddler, of San Juan, P. R. (Daniel B. Leonard, of Baltimore, Md., on the brief), for appellees.

Before MAHONEY and WOODBURY, Circuit Judges,. and HARTIGAN, District Judge.

MAHONEY, Circuit Judge.

This case is before us for a second time. The issues on this appeal will appear more clearly if the proceedings from the outset of this litigation are presented in chronological order.

The plaintiffs, trustees of an express trust, known collectively as Eastern Sugar Associates, brought suit in the District Court of the United States for Puerto Rico, against three employees individually and as representatives of all of the employees engaged in transportation and milling operations as a class for a declaratory judgment that the defendant employees were exempt from the minimum wage provisions of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq. There can be no doubt that the status of the class of employees engaged in the transporting of the employers' sugar cane was in issue before the district court.

The district judge entered the following judgment:

"2. The following employees involved in this proceeding are entitled to the minimum wages provided by said Act:

"a. All the employees engaged in the mill operations of the complainants or in any necessary incident thereof.

"b. All employees engaged in transporting raw centrifugal sugar from complainants' mills to points outside such mills, or in any necessary incident thereof.

"c. All employees engaged in transporting sugarcane for grinding at complainants' mills from points outside complainants' mills at which complainants accept delivery of sugarcane from independent farmers for whom complainants grind sugarcane on a toll basis, or in any necessary incident thereof."

It is clear that the district judge held that the employees engaged in transporting the employers' sugar cane were exempt from the provisions of the Act. The plaintiffs asked that all their employees be held exempt. The district judge held that the specific classes of employees mentioned in his judgment fell within the Act, the inference being that those not mentioned in his judgment were exempt from the Act. This is borne out by his conclusions of law and opinion. In his conclusions of law he says: "The agricultural operations include all

employees who work in the preparation of the soil, planting, cultivation, harvesting and delivering cane to the mills for grinding regardless of the method by which the cane is so transported and delivered. If complainants, by contract or practice, accept delivery from the farmer at their loading station, or any other point away from the mill, that would constitute a delivery and a termination of the agricultural operation". In his opinion he says: "As indicated in my conclusions of law, I am satisfied that employees who are engaged in the preparation of the soil, planting, cultivation, harvesting and delivery of cane to the mills for grinding are engaged in purely agricultural operations. It may be that by contract or practice complainants accept delivery of cane at their loading stations or at any other point other than at the mill. In such case delivery and acceptance is just as though there had been an actual delivery to complainants at their mills. It makes no difference whether the delivery is made by the farmer or by complainants for the farmer's account. The test is that there is a delivery from the farmer to the complainant at such point as may be agreed upon, and that thereafter the farmer loses control of the cane. Wherever that point may be it is the termination of the agricultural operation". Thus, the district judge held that the farmers engaged in transporting their own sugar cane are exempt from the Act because they are engaged in an agricultural operation, but once a delivery of the sugar cane to another party takes place, that is the end of the agricultural operation. The conclusion is, therefore, that the district judge held that those employees engaged in transporting the employers' sugar cane are exempt from the Act and those employees engaged in transporting the sugar cane of independent farmers are not exempt from the Act.

▮▮▮ The plaintiff employers appealed from the original judgment of the district court. No appeal was taken by the defendant employees so that the judgment of the

district court could not be changed by us either to enlarge the rights of the employees or lessen the rights of the employers under that judgment. Morley Construction Co. v. Maryland Casualty Co., 300 U.S. 185, 57 S.Ct. 325, 81 L.Ed. 593;[1] Helvering v. Pfeiffer, 302 U.S. 247, 250, 58 S.Ct. 159, 82 L.Ed. 231; Stepp v. McAdams, 9 Cir., 88 F.2d 925, 927. The question before us on the prior appeal was: Were the employees enumerated in the judgment of the district judge properly held to be entitled to the protection of the wage provisions of the Act? In the absence of a cross-appeal by the employees we were not free to consider whether those employees held to be beyond the protection of the Act were excluded properly. Consequently, the status of those employees engaged in the transportation of the employers' sugar cane was not before us.

On appeal, however, the Administrator of the Wage and Hour Division, United States Department of Labor, filed a brief as amicus curiae and requested us to affirm the judgment of the district court and to clarify that judgment in certain respects. The Administrator made the following requests:

"* * * the Administrator requests that this Court correct two defects in the declaratory judgment of the District Court. In paragraph 2(b) thereof the Court failed, apparently through inadvertence, to include employees engaged in the transportation of molasses, as well as sugar, from appellants' mills. The Administrator submits that this omission should be supplied so that the final judgment will embrace all employees alleged to be involved in this proceeding.

"Further, the Administrator urges that the holding of the District Court in paragraph 2(c) of its declaratory judgment that the minimum wage provisions of the Act cover only such employees as are engaged in transporting cane from the points outside the mills at which appellants accept delivery from independent farmers, does

---

[1] The important language in this case follows (300 U.S., at page 191, 57 S.Ct. at page 327, 81 L.Ed. 593):

"Without a cross-appeal, an appellee may 'urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.' United States v. American Railway Express Co., 265 U.S. 425, 435,

44 S.Ct. 560, 564, 68 L.Ed. 1087. What he may not do in the absence of a cross-appeal is to 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below.' Ibid. The rule is inveterate and certain."

not accord with the provisions of the Act here involved. The Administrator therefore requests that paragraph 2(c) of the judgment be corrected to read as follows:

"All employees of complainants engaged in transporting sugarcane of independent growers for grinding at complainants' mills, or in any necessary incident thereof.

"Finally, in order that the rights and duties of the parties be completely and finally declared insofar as the evidence in the case permits, the Administrator urges that the declaratory judgment be amended to settle the question of the coverage under Section 6 of the Act [29 U.S.C.A. § 206] of the employees employed by appellants in repair and maintenance work during the so-called dead season. The judgment below is silent on this question."

▮ We affirmed the judgment of the district court and granted the Administrator's request for clarification of it. 117 F. 2d 11. Although no objection to such clarification has ever been made by the employers, the propriety of granting the Administrator's requests might have been questioned in view of the absence of a cross-appeal by the employees. However, we felt our action in granting this request on the prior appeal was sound. We were not free to change the judgment so as to enlarge the rights of the employees or lessen the rights of the employers, but we were free to interpret the meaning of that judgment. Cf. Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 140, 141, 60 S.Ct. 437, 84 L.Ed. 656. If we concluded that the judgment of the district court actually did include the groups of employees the Administrator wanted specifically mentioned, no violence would be done to the established rule with respect to the scope of appeal. That was simply a matter of form and not of substance. We granted the Administrator's request for we thought after examination of the opinion and judgment of the district judge that the employees whom the Administrator wanted specifically mentioned actually were within the scope of the language of the judgment.

The employees engaged in the transportation of molasses were clearly included by implication in the judgment, for the district judge held that those employees engaged in the transportation of raw sugar were within the Act. No argument could possibly be made for distinguishing employees engaged in the transportation of raw sugar and employees engaged in the transportation of molasses. Moreover, the employees engaged in the transportation of raw sugar in all probability comprised the same group which was engaged in the transportation of molasses.

With regard to those employees engaged in the transportation of sugar cane of independent farmers, the Administrator requested that paragraph 2(c) of the judgment:

"All employees engaged in transporting sugarcane for grinding at complainants' mills from points outside complainants' mills at which complainants accept delivery of sugarcane from independent farmers, for whom complainants grind sugarcane on a toll basis, or in any necessary incident thereof." be changed to read:

"All employees of complainants engaged in transporting sugarcane of independent growers for grinding at complainants' mills or any necessary incident thereof."

The Administrator evidently made this request because he considered that under the opinion and judgment of the district court the employers could by some sort of contract with respect to "acceptance of delivery" thwart the purpose of the Act by naming a technical place of delivery apart from the actual place of delivery. While there was some language in the district judge's opinion which might have warranted this fear on the part of the government, a reading of the whole opinion showed it was baseless. We granted this request for a change of wording in the judgment so that the effect of the judgment might be clear. That this also was a mere clarification of the judgment and not a revision of it is apparent from the following statement in our opinion [117 F.2d 19]: "While it appears to us that the judgment of the District Judge is broad enough to include them, we can find no objection to ordering their specific inclusion in paragraph 2(c), which should be modified to read as follows:

"'All employees of complainants engaged in transporting sugar cane of independent growers for grinding at complainants' mills, or in any necessary incident thereof'."

The Administrator also requested that the judgment be clarified to include the employees engaged in repairing and maintenance work during the dead season. We granted this request. This group

of employees fell under the phrase: "Any necessary incident thereof" used in paragraphs 2(a), (b) and (c) of the judgment of the district court.

That judgment, as modified by our clarification of it, so as to make its meaning clear and not change the rights established under it, was affirmed by us and sent back for "further proceedings * * * in conformity with" our judgment and opinion.

With the case back in the district court, the employees made the following motion for entry of judgment on our mandate:

"3. Section 6 of the Fair Labor Standards Act of 1938 [29 U.S.C.A. § 206] applies to all of plaintiffs' employees, except those exclusively engaged in planting, cultivating and harvesting sugar cane, to wit:

"(a) All the employees engaged in the sugar mill operations of the plaintiffs or in any occupations or processes necessary thereto.

"(b) All employees engaged in transporting raw centrifugal sugar and molasses from plaintiffs' sugar mills and warehouses to points outside such sugar mills and warehouses, or in any occupations or processes necessary thereto.

"(c) All employees of plaintiffs engaged in transporting sugar cane of independent growers thereof for processing at plaintiffs sugar mills, or in any occupations or processes necessary thereto.

"(d) All employees of plaintiffs engaged in transporting plaintiffs' sugar cane for processing at plaintiffs' sugar mills, or in any occupations or processes necessary thereto.

"(e) All employees engaged during the grinding season and during the dead season in the repair and maintenance of the milling and transportation facilities of the plaintiffs."

The district judge entered the following judgment on our mandate:

"2. The following employees involved in this proceeding are entitled to the minimum wages by the said Act:

"(a) All employees engaged in the mill operations of the complainants, or in any necessary incident thereof:

"(b) All employees engaged in transporting raw centrifugal sugar or molasses from complainants' mills to points outside such mills, or in any necessary incident thereof;

"(c) All employees of complainants engaged in transporting sugar cane of independent growers for grinding at complainants' mills, or in any necessary incident thereof; also

"(d) All employees who during the dead season are engaged in the repair and maintenance of the milling and transportation facilities of complainants."

It is evident that the district judge accepted our clarification of his judgment.

The employees now appeal on the ground that the judgment entered by the district court did not conform to our mandate because of its failure to include:

(1) All employees of plaintiffs engaged in transporting plaintiffs' sugar cane for processing at plaintiffs' sugar mills, or in any occupations or processes necessary thereto;

(2) All employees engaged in transporting raw centrifugal sugar or molasses from plaintiffs' warehouses to points outside such warehouses or in any occupations or processes necessary thereto;

(3) All employees engaged during the grinding season in the repair and maintenance of milling and transportation facilities of the plaintiffs.

The district judge was correct in refusing to hold that the judgment should include those employees engaged solely in the transportation of the sugar cane of the employers. This group was clearly excluded from the protection of the Act by the original judgment of the district court. From that judgment the employees took no appeal and any issue with respect to the status of this group of employees consequently was not before us on the prior appeal.

The employees contend that certain language in our opinion indicated that this group was held to fall within the Act, particularly the sentence: "Among the appellants' employees only those engaged in planting, cultivating and harvesting of the sugar cane are exempt." Taking that sentence literally and alone, the position of the employees would seem justified, but the mandate and the opinion must be construed in their entirety and particularly with reference to the issues which were before us at the time. H. P. Coffee Co. v. Reid, Murdoch & Co., 8 Cir., 60 F.2d 387, 388. The question whether the group of employees engaged solely

in transporting the sugar cane of the employers was within the Act was not before us. The district judge's exclusion of this group of employees from the second judgment was proper.

The employees also asked the district court when the case went back to it to include within the scope of its judgment those employees engaged in transporting raw sugar or molasses from the plaintiffs' warehouses to points outside such warehouses, and also the employees engaged during the grinding season in the repair and maintenance of the milling and transportation facilities of the employers. No request for specific mention of these two groups of employees was made on the prior appeal to us. If such request had been made it would have been granted as a clarification of the judgment of the lower court. It was clear from the original opinion and judgment that the employees engaged in transporting raw sugar and molasses from plaintiffs' warehouses to points outside such warehouses, were included within the meaning of 2(b) of the district court's judgment. We also think it clear that the employees engaged during the grinding season in the repair and maintenance of milling and transportation facilities were included within the meaning of 2(a) (b) and (c) of the district court's judgment. The district judge refused to include them within the judgment when the case went back to him. Apparently he felt that he was foreclosed from including these two groups of employees by the specific mention of other particular groups of employees in our opinion. If this were the basis of his decision he was wrong, for he was free to include them within an interpretation of his own judgment. Sprague v. Ticonic National Bank, 307 U.S. 161, 168, 59 S. Ct. 777, 83 L.Ed. 1184; Federal Communications Commission v. Pottsville Broadcasting Co., supra. At any rate we are free to interpret the original judgment of the district court. Federal Communications Commission v. Pottsville Broadcasting Co., supra. We hold that these two groups of employees fall within the meaning of the original judgment, and the employers concede this.

The judgment of the District Court is affirmed in part and reversed in part and the case is remanded to that court for further proceedings not inconsistent with this opinion.