Ttjríteb, J.
 

 The question for determination is whether a taxpayer who elects to list his investments for taxation under the “federal-option basis” (Section 5372-2, General Code) is bound by the amount of income from investments taxable under the federal income tax law, or whether he may reduce his federal-option basis by the application of the “income-yield” basis as defined in Section 5389, General Code, and
 
 *569
 
 applicable to returns or listings made under Section 5388, General Code.
 

 In the instant case, the taxpayer made his return and listed his investments under Section 5372-2, General Code. Had he made his return under Section 5388, General Code, he would not have been required to report as a basis of valuation the dividend in stock which he received.
 
 Watson
 
 v.
 
 Tax Commission,
 
 135 Ohio St., 377, 21 N. E. (2d), 126. However, if he owned it on listing day he would have been required to list the stock received as a dividend either on the basis of what had been paid by the issuer thereof as dividends during the year 1937, or as an unproductive investment. Besides, if the taxpayer had made an investment yielding income during the year, he would have been required to list such investment on the basis of income yield as defined in Section 5389, General Code, which means that he should have listed the dividends or interest paid thereon by the obligor during the year, irrespective of whether the taxpayer himself received any of such income.
 

 On the other hand, where the taxpayer, in lieu of listing his investments yielding income in the manner provided by Sections 5388 and 5389, General Code, proceeds under Section 5372-2, General Code, and files with his return a verified summary of his federal income tax return for the last preceding taxable year, he is under no obligation to and. cannot be compelled to use the “income-yield” basis so long as he makes a fair and proper return on the federal-option basis.
 

 Under Section 5388, General Code, it is provided that: “In listing investments, the amount of the income yield of each for the calendar year next preceding the date of listing shall * * * be stated in dollars and cents and the assessment thereof shall be at the amount of such income yield.”
 

 In Section 5389, General Code, it is provided: “ ‘Income yield’ as used in Section 5388 of the General Code
 
 *570
 
 and elsewhere in this title means the aggregate amount paid as income
 
 by the obligor,
 
 trustee or other source of payment to the owner or owners, or holder or holders of an investment,
 
 whether including the taxpayer or not,
 
 during such year * * *.
 

 “* * * in the case of shares of stock, the cash dividends so paid * * (Italics ours.)
 

 The alternative method of listing is provided in Section 5372-2, General Code, the pertinent part of which provides:
 

 “If a taxpayer so elects, he may * * * file -with his return a verified summary of his federal income tax return for the last preceding taxable year * * *. In such case the
 
 aggregate amount
 
 of income of the taxpayer from investments of the classes taxable under this chapter so disclosed, may be included in the taxpayer’s return without specification as to the sources thereof, and shall be taken as the assessment of his investments yielding income
 
 in lieu of the assessment thereof as otherwise prescribed by this chapter *
 
 * (Italics ours.)
 

 Under this section, the aggregate amount of such income is accepted as a sufficient disclosure, and is accepted
 
 in lieu of
 
 the assessment under Sections 5388 and 5389, General Code.
 

 In this case, the appellant took advantage of the option given by Section 5372-2, General Code, as a method of determining, not the income, but the valuation of income-producing investments. As set forth in appellant’s brief, the Legislature had “no intention to veer away from a property tax and into the field of income tax.”
 

 We agree with appellant that: “The context of Section 5372-2 clearly shows its purpose to be the establishment of a ‘short-form’ tax return to simplify the taxpayer’s mechanical operations, with the added advantage of affording him some privacy in regard to his specific investments.” But we do not agree with
 
 *571
 
 appellant that “income yield” as defined in Section 5389, General Code, is the measure to be used in determining the liability of a taxpayer who uses that basis. It is our view that Section 5372-2, General Code, furnishes its own basis for determining such liability.
 

 Appellant is in error in claiming that “by the very terms of the act the only thing the taxpayer includes when he lists ‘his investments yielding income’ is the ‘income yield’ as defined in the law.” As shown by the quotation
 
 supra
 
 from Section 5389, General Code, “income yield” means the aggregate amount paid in cash (in case of stock)
 
 by the obligor
 
 whether the taxpayer received it or not. But this measure of value is applied only to investments owned on listing day. Under Section 5372-2, General Code, the aggregate amount of such income received by the taxpayer is the basis, and it matters not whether the investments which produced the income are owned on listing day.
 

 As said by appellant: “ That is a necessary incidental consequence of the difference in the form of reporting. There is no way to avoid it, except to require the taxpayer to go through his list and prove that his income yield was the same on the one basis as it would have been on the other, or else pay the difference or claim a deduction for it as the case might be. That would defeat the whole purpose of the short-cut return. Hence the statute provides that the aggregate amount so disclosed shall be taken as the base, instead of requiring specification as to the sources thereof. Where securities have not changed hands, the result will be the same. Where they have, the chances are still even that over a period of years the result will be the same. A taxpayer who buys and sells may gain a little in one year and lose a little in another by using the federal option, but his chances are even, and in the long run the law of averages will even up the score. The Legislature clearly recognized the possibility of a variation, and fof that reason made it impossible for a taxpayer
 
 *572
 
 to switch, hack and forth from year to year so as to get all the advantage there might be and none of the disadvantage.”
 

 These two bases are different and distinct, and while they are calculated to produce the same approximate result they are not interchangeable in whole or in part for the same reason given by appellant in the last sentence of the foregoing quotation.
 

 Income yield, as used in Section 5388, General Code, and defined in Section 5389, General Code, is the yardstick for measuring the value of stocks yielding income returned under Section 5388, General Code, and has no application to Section 5372-2, General Code, in which statute the term is not even mentioned.
 

 Under the alternative method provided by Section 5372-2, General Code, the aggregate amount of the taxpayer’s income from investments in stocks yielding income “shall be taken as the assessment of his investments yielding income
 
 in lieu of the assessment thereof as otherwise prescribed by this chapter.'’
 
 (Italics ours.) This return is to be supplemented with a statement under oath as to the aggregate amount of the income received by the taxpayer from investments taxable in Ohio, the income of which is not subject to federal income tax. Under either method of return the term “investments” is limited to the definition provided in Section 5323, General Code.
 

 The result of the allowance of appellant’s claim would be to permit a taxpayer, after electing to make a return under Section 5372-2, General Code, to retain the benefits of such an election and discard its disadvantages. In other words, it would allow the taxpayer to adopt the more advantageous parts of each method.
 

 If the taxpayer is dissatisfied with the method he has chosen for listing his investments yielding income and prefers to make a return under Section 5388, General Code, where income yield as defined in Section 5389,
 
 *573
 
 General Code, is the yardstick rather than the federal-option basis, he may, upon good cause being shown, be authorized to change the basis of his listing. Section 5372-2, General Code. The court is not concerned with the policy involved in a statute — that is for the Legislature.
 

 The case of
 
 Watson
 
 v.
 
 Tax Commission, supra,
 
 relied on by appellant, has no application to listings or returns made under Section 5372-2, General Code. It involved only Sections 5388 and 5389, General Code, and was concerned with the definition of the term “income yield,” which term is not applicable to returns properly made under Section 5372-2, General Code.
 

 There are no facts in the record of the instant case which would make applicable the doctrine of
 
 Donkel
 
 v.
 
 Evatt, Tax Commr., ante,
 
 76, 32 N. E. (2d), 841. The return of capital is not taxable under either the intangible and personal property tax laws of this state or the federal income tax law.
 

 There is nothing in our decision here inconsistent with the decision of this court in
 
 City of Cincinnati
 
 v.
 
 Guckenberger,
 
 60 Ohio St., 353, 54 N. E., 376.
 

 As we find nothing unlawful or unreasonable in the decision of the Board of Tax Appeals, that decision is hereby affirmed.
 

 Decision affirmed.
 

 "Weygandt, C. J., Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.