Turner, J.
 

 The Sherbrook Distributing Company, an Ohio corporation for profit, adopted the following resolution on December 28,1936:
 

 “Resolved, that sufficient moneys be, and they are now hereby, appropriated from the surplus profits arising from the business of the corporation during the current year for the payment of a cash dividend of four hundred ten and 80/100 ($410.80) dollars per-share, to be paid to the holders of the common stock of the corporation of record as of this date, to wit: December 28, 1936; that said dividend be paid on or before December 30, 1936, and be payable, at the election of the holders of the common stock of the corporation, either wholly in cash, or partly in cash and partly in 6 per cent preferred shares of the corporation of the par value of $100 per share; namely,
 

 “Option ‘A’ — $410.80 in cash per share;
 

 “Option ‘B’ — $10.80 in cash per share and four (4) shares of the 6 per cent preferred stock of the corporation, par value $100, for each share of common stock of the corporation now owned by the shareholders thereof. ’
 
 ’
 

 The record shows that the appellee, Isaac Feld, the owner of 45 5/9 shares of common stock, elected to and did receive on December 28, 1936: $492 in cash; 182 2/9 shares of $100, six per cent preferred stock of the corporation (total par value $18,222.29) as a dividend on his 45 5/9 shares of common stock of the corporation.
 

 The record shows, and it was admitted in brief and argument, that appellee made his tax return under the federal option basis pursuant to Section 5372-2, General Code. Notwithstanding this election, appellee claimed the right to compute his tax on the dividend
 
 *380
 
 in question under the income yield basis defined in Section 5389, General Code.
 

 In the case of
 
 Deeds
 
 v.
 
 Evatt, Tax Commr.,
 
 138 Ohio St., 567, 37 N. E. (2d), 581, this court held:
 

 “1. ‘Income yield’ as defined in Section 5389, General Code, is not a proper measure of value of income-producing investments listed by the taxpayer under favor of Section 5372-2, General Code.
 

 “2. A taxpayer who lists his investments yielding income under Section 5372-2, General Code, may not deduct from the aggregate amount of income shown in the verified summary of his federal income tax return the value of a dividend in stock taxable under the federal income tax law.
 

 “3. A taxpayer who has elected to list his invest-, ments producing income in the manner provided by Section 5372-2, General Code, may not modify the taxable aggregate of income from investments shown on the verified summary of his federal income tax return by applying the ‘income-yield’ measure defined in Section 5389, General Code, and applicable to returns or listings made under Section 5388, General Code.
 

 “4. The
 
 method
 
 of assessment under Section 5372-2, General Code,
 
 is in lieu of
 
 the
 
 method
 
 of assessment provided in Sections 5388 and 5389, General Code.”
 

 Counsel for appellee claim that the case of
 
 Deeds
 
 v.
 
 Evatt, Tax Commr., supra,
 
 is not applicable here for the reason that “there is no stipulation that the said stock dividend was in fact taxable under the federal income tax law. ’ ’ It has always been held under the federal income tax law that where a dividend on common stock is paid in preferred stock (or any other stock than common stock) the result is not a stock dividend.
 

 As stated in U. S. Treasury Department, Bureau of Internal Revenue Regulations 103, Income Tax (1940), page 333:
 

 “The distinction between a stock dividend which
 
 *381
 
 does not, and one which does, constitute income to the shareholder within the meaning of the Sixteenth Amendment to the Constitution is the distinction between a stock dividend which works no change in the corporate entity, the same interest in the same corporation being represented after the distribution by more shares of precisely the same character, and a stock dividend where there either has been a change of corporate identity or a change in the nature of the shares issued as dividends whereby the proportional interest of the shareholder after the distribution is essentially different from his former interest. A stock dividend constitutes income if it gives the shareholder an interest different from that which his former stock holdings represented.”
 

 In the case of
 
 Helvering, Commr.,
 
 v.
 
 Pfeiffer,
 
 302 U. S., 247, 82 L. Ed., 231, 58 S. Ct., 159, there was involved the right to tax a dividend on common stock paid in preferred stock. On failure of the taxpayer to return the dividend in preferred stock as income, the commissioner of internal revenue made a deficiency assessment holding that the dividend in preferred stock was taxable income. The Supreme Court affirmed this holding.
 

 In the case of
 
 Helvering, Commr.,
 
 v.
 
 Gowran,
 
 302 U. S., 238, 82 L. Ed., 224, 58 S. Ct., 154, a similar holding was made.
 

 It cannot he contended in the instant case that appellee had the same interest in the corporation after receiving the preferred stock dividend that he had prior to the exercise of his option to take part cash and part preferred stock. The record shows that prior to the dividend in question this corporation had no outstanding preferred stock. After the dividend appellee owned 182 2/9 shares of six per cent preferred stock in addition to the 45 5/9 shares of common stock which he still held.
 

 There is another complete answer to appellee’s con
 
 *382
 
 tention to be found in the record of this case: Appellee’s verified return shows that the amount listed on his federal return was $23,176.82. This, of course, is the amount upon which appellee was required to compute his income tax. From this sum, appellee, in making his return of intangible property, attempted to deduct the par value of the preferred stock received under the exercise of his option. The value of this preferred stock was the subject of the deficiency assessment.
 

 The Tax Commission assessed appellee’s investments on the basis which he had used in making his federal income tax return. In doing this, the Tax Commission did not err. It follows that the judgment of the Court of Appeals must be reversed.
 

 The facts in this case make it unnecessary to discuss the definition of “income yield” as contained in Section 5389, General Code, for the reason that such term is not applicable to returns made under Section 5372-2, General Code.
 

 The case of
 
 Watson, Jr., Exr.,
 
 v.
 
 Tax Commission,
 
 135 Ohio St., 377, 21 N. E. (2d), 126, was concerned only with the term “income yield” as used in Sections 5388 and 5389, General Code. No question in respect of a return made on the federal option basis (Section 5372-2, General Code) was before the court in that case.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart and Zimmerman, JJ., concur.
 

 Williams and Bettman, JJ., not participating.