Zimmerman, J.
 

 For a number of years prior to 1942, the Department of Taxation had accepted tax returns from appellant upon the basis employed by him in his return for 1942 and had assessed the tax accordingly. As a matter of fact, prior to 1942, form No. 912, which was the one adapted to the use of the summary of the federal income tax return, contained the statement :
 

 
 *602
 
 , “Income yield from royalties under patents and copyrights should be-calculated by the use of Hoskold’s formula.” It is significant, however, that such instruction was omitted from form No. 912 as issued in 1942.
 

 On November 12, 1941, this court announced its decision in the case of
 
 Deeds
 
 v.
 
 Evatt, Tax Commr.,
 
 138 Ohio St., 567, 37 N. E. (2d), 581, wherein the following propositions were laid down in the third and fourth paragraphs of the syllabus :
 

 “3. A taxpayer who has elected to list his investments producing income in the manner provided by Section 5372-2, General Code, may not modify the taxable aggregate of income from investments shown on the verified summary of his federal income tax return by applying the 'income-yield’ measure defined in Section 5389, General Code, and applicable to returns or listings made under Section 5388, General Code.
 

 “4. The
 
 method
 
 of assessment under Section 5372-2, General Code,
 
 is in lieu of
 
 the
 
 method
 
 of assessment provided in Sections 5388 and 5389, General Code.”
 

 Of course, this decision required a change of position on the part of the taxing authorities.
 

 Since its amendment in 1931, Section 5372-2, General Code, has permitted a taxpayer, if he so desires, to “file with his.return a verified summary of his federal income tax return for the last preceding taxable year.” It is also provided that if he pursues such course he “shall thereafter employ the same basis unless the commission, for good cause shown, shall authorize the substitution of another fiscal year,” or of the basis otherwise prescribed by Section 5366
 
 et seq.
 

 Soon after the decision in the
 
 Deeds case,
 
 the Tax Commissioner, in order to allow a taxpayer theretofore using “a verified summary of his federal income tax return” to file a return in accordance with Sections
 
 *603
 
 5388 and 5389, General Code, duly amended rule No. 206, permitting the change over at any time prior to March 31,1942.
 

 Appellant had no actual notice of the
 
 Deeds case
 
 or of rule No. 206, and bitterly complains of his treatment by the Tax Commissioner and by the Board of Tax Appeals in relation to his 1942 return.
 

 Although our sympathy is with the appellant taxpayer, he was under some obligation to inform himself of the existing situation as .to what type of return would be most advantageous for him in 1942, and to file such a return within the tune fixed by law.
 

 *
 
 It goes without saying that the Department of Taxation, at that time, could do nothing other than recognize and follow the rule laid down by this court in the case citqd. Neither could it ignore Section 5372-2, General Code, giving the taxpayer the privilege of filing a return as therein authorized, nor fail to provide a form for listing taxable assets in the manner sanctioned by that section.
 

 On an appeal from a decision of the Board of Tax Appeals it is the function of the Supreme Court to determine whether such decision- is unreasonable or unlawful. In view of the holdings in the
 
 Deeds case
 
 and in the later cases of
 
 Feld
 
 v.
 
 Miller et al., Tax Comm.,
 
 139 Ohio St., 378, 40 N. E. (2d), 421, and
 
 Bicknell
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 492, 45 N. E. (2d), 415, we cannot say that the board’s decision now complained of is unreasonable or unlawful and it is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Williams, Turner, Matthias and Hart, JJ., concur.
 

 Bell, J., dissents.