JOSÉ ALMODÓVAR ET AL., Plaintiffs and Appellants, *v.* SUCESIÓN J. SERRALLÉS, Defendant and Appellee.

No. R-65-276.    Decided May 10, 1968.

*Francisco Aponte Pérez* and *José A. Aponte Pérez* for appellants.
*Leopoldo Tormes García* and *Alberto J. Torruella* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief
Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice
Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: After considering the evidence presented by
the parties, the trial court made the following findings of
fact which we must consider in order to determine the ques-
tions raised in this petition for review:

"1. .      .      .      .      .      .      .

"2. The defendant, Sucesión J. Serrallés was, during the
period covered by this complaint, and is, at the present time,
a civil corporation for agricultural purposes. It has been engaged
and is engaged in the planting and cultivation of sugarcane and
in the raising of cattle. It owns land and administers land
belonging to other persons. It is the owner of the Colonias
known as Mercedita, Laurel, Cintrona I, Cintrona II, Ponceña,
Ana María Mercado, Ursula, San José, Boca Chica, Esperanza,
Perseverancia, Delicias, Jauca, Los Llanos, and Río Cañas. It is
joint owner of the colonias Unión and Barrancas.

"Félix J. Serrallés Nevárez, Juan A. Wirshing, and Juan E.
Serrallés form part of Sucesión J. Serrallés. They are lessees
of colonias Unión, Barrancas, and Restaurada, respectively.

"The defendant corporation is not, nor was, during the period
comprised in the complaint, owner or exploiter of any sugar
mill. The sugar mill known as Central Mercedita was during
that period and is at present property of the industrial corpora-
tion Central Mercedita, Inc., a legal entity distinct from the
defendant Sucesión.

"3. .      .      .      .      .      .      .

"4. The work performed by plaintiffs during the period
comprised in the complaint consisted of the repair of irrigation
pumps, maintenance of deep wells, and repair and maintenance
of cranes and scales, used by defendant.

"Until 1958 the deep wells were constructed by third persons
under contract with defendant, Messrs. Antonsanti and Char-
dón, but after engineer Vivas took charge of the wells and

cranes division, defendant acquired equipment and constructs them under Vivas' direction.

"5. The plaintiffs never worked at the shop where the repairs of parts or implements and agricultural equipment belonging to defendant were carried out. These repairs were made at the shops in Mercedita or in Capó, both with their proper organization and directed and supervised by persons other than Hernández, Rivera, Clemente, or Vivas.

"6. The work performed by plaintiffs was carried out always in defendant's different colonias or on the farms of independent *colonos* to whom they rendered their services occasionally. They always had at their disposal and service three different vehicles to go to the farms. The work performed by plaintiffs is of an agricultural nature.

"On those occasions on which plaintiffs worked for individual *colonos,* the *colonos* paid directly to the plaintiffs without defendant's intervention. (See Ramón Berríos' testimony.) Since 1958 the plaintiffs have not rendered services to individual *colonos.*

"The repair materials used by plaintiffs were kept or deposited in a shed house at colonia Boca Chica. That shed house is not a repair shop since there are no hoists, brushes, hydraulic press or machinery."

On the basis of those findings, it concluded, as a question of law, that the work performed by plaintiffs is not covered by the Fair Labor Standards Act since it is comprised within the exemption for agricultural work to which § 13 (a) 6 refers, 29 U.S.C. § 213(6).[1] In consideration thereof it rendered judgment dismissing the complaint entirely.

---

[1] In general, see, in relation to activities comprised within the exemption, *National Labor Relations Bd.* v. *Olaa Sugar Company,* 242 F.2d 714 (9th Cir. 1957) ; *Holtville Alfalfa Mills* v. *Wyatt,* 230 F.2d 398 (9th Cir. 1955) ; *Damutz* v. *Pinchbeck,* 158 F.2d 882 (2d Cir. 1946) ; *Vives* v. *Serrallés,* 145 F.2d 552 (1st Cir. 1944) ; *Miller Hatcheries* v. *Boyer,* 131 F.2d 283 (8th Cir. 1942) ; and in relation to activities not covered by the exemption, *Farmers Reservoir and Irrig. Co.* v. *McComb,* 337 U.S. 755 (1949) ; *Mitchell* v. *Huntsville Wholesale Nurseries, Inc.,* 267 F.2d 286 (5th Cir. 1959) ; *Mitchell* v. *Hunt,* 263 F.2d 913 (5th Cir. 1959) ; *Chapman* v. *Durkin,* 214 F.2d 360 (5th Cir. 1954) ; *Calaf* v. *Gonzalez,* 127 F.2d 934 (1st Cir. 1942) ; *Gonzalez* v. *Bowie,* 123 F.2d 387 (1st Cir. 1941) ; *Jordan* v. *Stark Bros. Nurseries & Orchards Co.,* 45 F.Supp. 769 (D.C. Arkansas

Appellants indicate that the trial court committed error in deciding as to the inapplicability of the aforesaid federal act, which contention is closely connected with the assignment that the findings of fact do not represent the most rational, fair, and reasonable balance of the evidence. Even though when considering the entire evidence we would probably have reached findings different from those of the trial judge, it cannot be denied that those above-copied have sufficient grounds, particularly the one concerning the nature and payment of the work performed by plaintiffs for other *colonos*.

■ Now, then, it is likewise clear that although defendant is an enterprise engaged principally in sugarcane agriculture, the work performed by plaintiffs—repair and maintenance of irrigation pumps, deep wells, scales, and other jobs—is covered by Mandatory Decree No. 45 of the Minimum Wage Board applicable to the Metal, Machinery, Transportation Equipment, Electrical Products, Instruments, and Related Products Industry, 29 R.&R.P.R. §§ 245n–661 to 664.[2] As held in *Campos Encarnación* v. *Sepúlveda*, 94 P.R.R. 72 (1967), the basis for fixing minimum wages is the nature of the activity carried out by the employee who performs it, no matter in what type of occupation the enterprise or employer employing him is engaged. In the same sense, *Sierra Núñez* v. *Construction Equipment Corporation*, 90 P.R.R. 136 (1964); *Sec. of Labor* v. *Pedro A. Pizá, Inc.*, 86 P.R.R. 423 (1962). Therefore, any work performed by plaintiffs for defendant as of July 6, 1958, date on which Decree No. 45 went into effect, should be compensated according to what is established therein; and any work performed as of the effectiveness of the Minimum Wage Act, should be compensated

1942); *Goldberg* v. *Asso. Azucarera Co-op.*, 15 W.H. Cases 166 (1961); *Tobin* v. *Wenatchee Air Service, Inc.*, 10 W.H. Cases 681 (1952); *cf. Ocasio Calo* v. *Fajardo Sugar Co.*, 88 P.R.R. 554 (1963).

[2] This decree was replaced by No. 71, 29 R.&R.P.R. §§ 245n–921 to 924, in force on February 3, 1965.

pursuant to the provisions of its § 6 (d) I, 29 L.P.R.A. § 245e.[3]

The judgment rendered by the Superior Court, Ponce Part, on November 24, 1965, is set aside and the case is remanded for further proceedings.

---

[3] The applicability of the legislation on minimum wages and of Decree No. 45 was raised before the trial court in plaintiffs' brief as an "additional ground" for the availability of the claim.