LINDA S. ALDERSON *v.* CHARLES E. ALDERSON.

No. 4800.

May 14, 1969.

Richardson, C.J., Marumoto, Abe, Levinson, JJ., and
Circuit Judge Ogata Assigned by Reason of Vacancy.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by defendant from a judgment for
$14,435 entered in favor of plaintiff by the family court of
the first circuit on June 19, 1968, in an action for enforce-
ment of an Illinois divorce decree, dated October 16, 1962,
which provided for the payment by defendant to plaintiff
of court costs of $30, attorney's fee of $500, back alimony
and child support of $3,100 to October 9, 1962, payable
under temporary decree, and alimony of $25 per week,
and child support of $50 per week, after October 9, 1962.

Defendant specifies two errors, first, that the family
court erred in upholding the validity of the Illinois decree
as it related to alimony and child support payments, and,
second, that it erred in its method of modifying the ali-
mony and child support provisions in the decree.

At the time that the Illinois court entered the decree,

defendant was subject to its jurisdiction, for although he did not appear personally, he was represented by counsel, who had entered a general appearance and was present in court at the hearing. Thus, the decree was entitled to full faith and credit by a court of this State. *Lynde* v. *Lynde,* 181 U.S. 187 (1901). Defendant's first specification of error is without merit.

On his second specification of error, defendant candidly states that the holding in a majority of Illinois cases is that alimony and child support payments once due become vested and cannot be modified retroactively. However, he contends that a state court in which the alimony and child support provisions of a foreign divorce decree are sought to be enforced, has equitable power to make retroactive modifications of such provisions. We need not decide on this appeal whether such power exists.

Here, the family court exercised such power and made certain adjustments which reduced the amount payable by defendant under the Illinois decree by $2,812, upon finding that such adjustments were reasonable in view of the comparative earnings of the parties. Assuming, *arguendo,* that the family court has the power to modify, we cannot say that the finding upon which the modifications were based was clearly erroneous.

In her answering brief, plaintiff contends that the judgment appealed from should be reversed on the ground that the family court lacked the power to modify the Illinois decree. This contention also requires no consideration, for plaintiff has not cross-appealed, and has no standing to urge reversal. *Helvering* v. *Pfeiffer,* 302 U.S. 247, 250 (1937); *LeTulle* v. *Scofield,* 308 U.S. 415, 421 (1940); *Penfield Co.* v. *S.E.C.,* 330 U.S. 585, 594 (1947).

Affirmed.

*Robert A. Franklin* for defendant-appellant.
*Thomas L. Mui* for plaintiff-appellee.