835 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lewis W. POE, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 87-1348.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1987.
 
 Before MARKEY, Chief Judge, RICH and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States Claims Court, No. 237-79C (Mar. 5, 1987), granting the United States' motion for summary judgment and dismissing Lewis W. Poe's (Poe's) complaint, is affirmed.
 
 OPINION
 
 2
 The Claims Court did not err in determining that this case was ripe for summary judgment based on the administrative record. It correctly concluded that the discovery Poe desires would merely duplicate evidence already in that record. See Brown v. United States, 396 F.2d 989, 999 (Ct.Cl.1968).
 
 
 3
 The possibility of drawing inconsistent conclusions from the evidence in the administrative record does not prevent the actions of the Air Force from being supported by substantial evidence. See Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966); Heisig v. United States, 719 F.2d 1153, 1156-57 (Fed.Cir.1983). That the record contains "conflicting documentation" does not, therefore, create a "genuine issue as to [a] material fact" precluding summary judgment under Claims Court Rule 56(c). The Claims Court applied the proper standard in concluding that substantial evidence supported the actions of the Air Force. Heisig, 719 F.2d at 1156.
 
 
 4
 Poe's assertion that "[t]he possibility of fraud exists" in Dr. Mitchell's medical report does not create a genuine issue for trial. One opposing a motion for summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1356 (1986). That another psychiatrist rendered a different diagnosis does not constitute such a showing.
 
 
 5
 After considering Poe's arguments that the Air Force violated its own regulations and the Fourth Amendment to the U.S. Constitution, we discern no basis to overturn the Claims Court's conclusion that the actions of the Air Force "conform to applicable statutes and regulations."
 
 
 6
 We have not considered the government's argument that the Claims Court erred in denying its motion to dismiss certain of Poe's claims as outside the Claims Court's jurisdiction. Because the government has not appealed from that part of the judgment, it may not seek its reversal. Helvering v. Pfeiffer, 302 U.S. 247, 250-51 (1937); UST, Inc. v. United States, No. 87-1134, slip op. at 5-6 (Fed.Cir. Oct. 15, 1987).