539 So.2d 1160 (1989)
Dudley WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-948.
District Court of Appeal of Florida, First District.
March 2, 1989.
Jeffrey P. Whitton, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen. and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
In July 1985, Dudley White was placed on probation for four years upon his conviction for selling cannabis. On June 2, 1987, he was arrested for possession of cocaine and charged by information with that offense. As a consequence, a violation of probation report was filed. White was tried and convicted of the cocaine possession charge and was again placed on probation with conditions that he serve 364 days in county jail, perform 300 hours of public service, and undergo drug evaluation and counseling, drug testing, and vocational aptitude testing. He was also assessed various costs and fines. As a result of his conviction on this 1987 offense, White's probation on the 1985 charge was revoked, and the court sentenced him on the 1985 charge to four years in state prison, a sentence that departed from the guidelines recommendation. White has appealed both of these judgments (the state does not oppose his request for a belated appeal from the conviction of possessing cocaine), raising three points for reversal.
First, we find no merit in White's contention that the police officers did not have a well-founded suspicion to stop and frisk him under the circumstances. The conduct of the officers was reasonable and did not violate White's constitutional and statutory rights.
Second, the court imposed a sentence in excess of the guidelines because the defendant committed a similar criminal offense while on probation.[1] White contends *1161 this reason is not valid based on Medina v. State, 526 So.2d 216 (Fla. 2d DCA 1988). The state counters that even though the departure in this instance was more than one cell,[2] the fact that an offense was committed while the defendant was on probation has been held to be a valid clear and convincing reason for departure, citing State v. Pentaude, 500 So.2d 526 (Fla. 1987); Brooks v. State, 505 So.2d 442 (Fla. 1st DCA 1987); Sumler v. State, 506 So.2d 1144 (Fla. 1st DCA 1987); Cahill v. State, 505 So.2d 1113 (Fla. 2d DCA 1987). Because the offense for which White was convicted in 1987 is similar to that for which he was serving the probation, the stated reason for departure is valid under the decisions cited by the state. We affirm the departure sentence.
Finally, White argues for the first time on appeal that sections 775.091[3] and 948.031,[4] Florida Statutes, are unconstitutional because they contain no limitation on the imposition of community service as part of the conditions of probation in derogation of appellant's due process rights, and also amount to cruel and unusual punishment in violation of provisions in the Florida and United States constitutions prohibiting such punishment. White further argues that the judiciary cannot supply the missing limitations without exercising nondelegable legislative power and therefore the statutes are facially invalid. The state contends that this issue was not raised in the court below and thus was not preserved for appellate review. Further, the state disputes the contention that the statutes are unconstitutional for the cited reasons.
We treat White's argument under this point as a challenge to the facial validity of the statutes and conclude it is reviewable under the authority of Trushin v. State, 425 So.2d 1126 (Fla. 1983). We find no need to discuss the many case authorities cited by both parties, as White's contentions are so clearly without merit. The sum and substance of White's argument is that the statutes contain no limitation on the amount of community service that may be imposed. That would be so only if the two statutes were to be read and applied in a vacuum. Since both statutes can only be applied in the context of probation as part of a sentence pursuant to conviction of a criminal offense, in all instances the maximum community service that may be imposed is limited to the period of probation that may be imposed under the maximum penalty authorized by statute for that offense. It is specious, therefore, to say that these statutory provisions are without limitation.
*1162 Finding no merit to any of appellant's contentions, the judgments of conviction and sentences are
AFFIRMED.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] The order reads:

The Defendant was placed on probation for the offense of Sale of Cannabis on July 23, 1985, after having been found guilty by a jury. Thereafter, while on probation, the Defendant was arrested on July 2, 1987, and charged with a similar offense, Possession of Cocaine.
On December 14, 1987, another jury found the defendant guilty of Possession of Cocaine.
The defendant was adjudicated guillty in Case No. 87-1649 of Possession of a Controlled Substance, to-wit: cocaine. He was sentenced on January 21, 1988, for said offense.
R. 295.
[2] Rule 3.701(d)(14), Fla.R.Crim.P., permits a one-cell departure from the recommended sentence following revocation of probation without stating any reasons for such departure.
[3] Section 775.091, Fla. Stat. (1987), provides:

Public Service.  In addition to any punishment, the court may order the defendant to perform a specified public service.
[4] Section 948.031, Fla. Stat. (1987), provides:

Condition of probation or community control; public service. 
(1) Any person who is convicted of a felony or misdemeanor and who is placed on probation or into community control may be required as a condition of supervision to perform some type of public service for a tax-supported or tax-exempt entity, with the consent of such entity. Such public service shall be performed at a time other than during such person's regular hours of employment.
(2) Upon the request of the chief judge of the circuit, the Department of Corrections shall establish a public service program for a county, which program may include, but shall not be limited to, any of the following types of public service:
(a) Maintenance work on any property or building owned or leased by any state, county, or municipality or any nonprofit organization or agency.
(b) Maintenance work on any state-owned, county-owned, or municipally-owned road or highway.
(c) Landscaping or maintenance work in any state, county, or municipal park or recreation area.
(d) Work in any state, county, or municipal hospital or any major state retardation facility or other nonprofit organization or agency.