ON MOTION TO STAY THE MANDATE
PER CURIAM.
We deny the motion to stay the mandate. Appellee requests that the mandate be stayed while he seeks review in the supreme court based upon his challenge to the constitutionality to section 893.13(l)(e), Florida Statutes (1987), which was upheld in Burch v. State, 558 So.2d 1 (Fla.1990), rehearing pending.
The problem with considering the entire Burch issue in this appeal is that Mr. Rogers, defendant-appellee not only did not raise the issue in the lower court but never filed a notice of appeal. The first mention of the issue is in his answer brief. Appel-lee cites Trushin v. State, 425 So.2d 1126 (Fla.1983) and White v. State, 539 So.2d 1160 (Fla. 1st DCA 1989) as standing for the proposition that this court can review the constitutionality of the statute for the first time on appeal. We agree with those cases. The difference is that in Trushin and White the defendants filed notices of appeal. Here appellee did not file an appeal. Appellee has not cited us to any case, nor can we find one, where an appellate court has considered an appeal without the appealing party filing a notice of appeal which vests jurisdiction in the court.
Under Federal law, this appellee would not be allowed to attack the Final Judgment and sentence. In Helvering v. Pfeiffer, 302 U.S. 247, 250-251, 58 S.Ct. 159, 160, 82 L.Ed. 231 (1937), the Supreme Court stated:
While a decision below may be sustained, without a cross-appeal, although it was rested upon a wrong ground, see Helvering v. Gowran [302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224 (1937)] an appellee *725 cannot without a cross-appeal attack a judgment entered below.
Summarizing Federal decisions on the issue C.A. Wright’s treatise states the following:
An appellee may defend a judgment on any ground consistent with the record even if rejected in the lower court. But he cannot attack the decree with a view either to enlarging his own rights thereunder or to lessening the rights of his adversary unless he files a cross appeal, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below.
C.A. Wright, Law of Federal Courts 721 (4th ed. 1983). We do not think that the law of Florida should be any different.
Our decision is not changed by the expansive language of Florida Rule of Appellate Procedure 9.140(f) which states:
(f) Scope of Review. The court shall review all rulings and orders appearing in the record necessary to pass upon the grounds of an appeal. In the interest of justice, the court may grant any relief to which any party is entitled.
The rule presupposes a properly filed appeal because a party is not “entitled” to relief on appeal if the appellant has not invoked the jurisdiction of the court by filing a notice of appeal. We could not find any case under this rule which considered an issue raised by a party attacking the judgment who had not filed an appeal. Therefore, having failed to invoke properly the jurisdiction of this court to review the matter, we have no grounds to stay our mandate pending supreme court review of this issue.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.