MORRIS K. WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98024. Promulgated November 15, 1940.

*Irvin H. Fathchild, Esq.,* for the petitioner.
*David Altman, Esq.,* for the respondent.

OPINION.

KERN: This proceeding involves the fiduciary liability of the petitioner for an assessed deficiency of $633.25, plus interest as provided by law, in the income tax liability of John C. Spry, deceased, for the taxable years 1923 and 1924.

As stipulated, the sole question presented is whether petitioner's liability under section 3467 of the Revised Statutes, later amended in section 518 (a) of the Revenue Act of 1934, for the assessed deficiencies for 1923 and 1924, or either of them, is barred by any statute of limitations.

We adopt the stipulated facts as our findings and herein set forth that portion thereof deemed necessary to determine the issue presented.

The taxpayer, John C. Spry, now deceased, duly filed his Federal income tax returns for the year 1923 on March 14, 1924, and for the year 1924 on March 15, 1925. Spry died November 25, 1926, and the petitioner in this proceeding and two others were duly qualified in December of that year as the executors of Spry's estate.

On November 11, 1927, the Commissioner of Internal Revenue, under section 274 (a) of the Revenue Act of 1926, duly issued to Morris K. Wilson and the other two executors, in their capacity as executors of the estate of John C. Spry, a notice of deficiency for the years 1923 and 1924, determining the amount thereof to be $95.54 for 1923 and $4,860.57 for 1924.

On January 9, 1928, the petitioner and the other two executors, as such, filed a petition (Docket No. 33727) with this Board for a redetermination of the deficiencies mentioned in the foregoing paragraph. On June 20, 1934, the Board entered its memorandum opinion directing entry of decision under Rule 50. On July 30, 1934, we entered the following decision: "That there are deficiencies in Federal income tax in the respective amounts of $95.54 and $537.71 for the years 1923 and 1924."

On October 24, 1934, the Commissioner filed a petition for review in the United States Circuit Court of Appeals for the Seventh Circuit in which eight assignments of error were set forth. The eighth assignment was:

The Board erred in failing to sustain the determination of the Commissioner of Internal Revenue that there is a deficiency in income taxes for the year 1924 due from the estate of John C. Spry in the amount of $4,860.57.

No assignments of error were made as to the year 1923.

The respondents on review, being the executors, filed no cross appeals as to any part of our decision, nor did they file an independent appeal. On June 21, 1937, the United States Circuit Court of Appeals promulgated its opinion and entered its decision affirming our decision. The court's decision is reported under the name of "*Commissioner of Internal Revenue* v. *Wilson et al.*," 90 Fed. (2d) 788 (C. C. A., 7th Cir., 1937).

On November 15, 1935, the Commissioner duly made ordinary nonjeopardy assessments against the estate of John C. Spry, Morris K. Wilson, Gladys Spry Augur, and George C. Wilce, executors, in the amounts of $95.54 for 1923 and $537.71 for 1924. The theory of the Commissioner in making such assessments was that the assessments were authorized under section 1001 of the Revenue Act of 1926, as amended by section 603 of the Revenue Act of 1928, and section 1101 of the Revenue Act of 1932. These assessments, together with interest as provided by law, are still unpaid and outstanding.

The estate of John C. Spry was insolvent. However, the final account of the executors in 1932 showed that considerable assets had been held—cash receipts of $110,290.39 and cash disbursements of $119,154.82. The final report and account of said executors were duly filed and approved, and the executors were discharged from their offices on October 19, 1932.

The petitioner, as one of the executors of the estate of John C. Spry, had notice of the additional taxes claimed by the United States for the years 1923 and 1924.

On January 23, 1939, the Commissioner issued a notice of deficiency to the petitioner herein based upon section 280 (a) (2) of the Revenue Act of 1926.[1]

The petitioner in this proceeding contends that the Commissioner is barred by the statute of limitations from asserting against him as fiduciary any part of the deficiency in income tax found to have been owing from John C. Spry, deceased. Petitioner calls attention to section 280 of the Revenue Act of 1926, relied upon by the Commissioner, and particularly paragraph (b) thereof, which reads as follows:

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be * * *

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; * * *

For reasons which will become apparent, we shall consider petitioner's liability for the 1923 deficiency before going on to a consideration of the 1924 deficiency.

Section 277 of the Revenue Act of 1926 provided in paragraph (a) (2) that the period of limitation for assessment against the taxpayer was "four years after the return was filed." This section provided further, however, in paragraph (b), that such limitation period was to be suspended "after the mailing of a notice" of deficiency "for the period during which the Commissioner is prohibited from making the assessment * * * and for 60 days thereafter."

The Commissioner, by section 274 of the Revenue Act of 1926, was prohibited from making an assessment until after the issuance of a deficiency notice, and, if the taxpayer filed a petition with the Board, "until the decision of the Board had become final." In the instant case the taxpayer did file such a petition with the Board. From the decision of the Board the Commissioner petitioned for review as to the deficiency involving the year 1924.

Section 1001 provided for court review of Board decisions and provided further, in paragraph (c), that despite the restriction on assessment contained in section 274, *supra*, such court review was not to operate as a stay of assessment or collection of the amount of the

---

[1] SEC. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title * * *

 * * * * * * *

(2) The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer. Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

deficiency determined by the Board unless a petition for review in respect of such portion is filed by the taxpayer, and then only if the taxpayer (1) on or before his petition for review is filed has filed with the Board a bond in a sum fixed by the Board not exceeding double the amount of the portion of the deficiency in respect of which the petition for review is filed.

The taxpayer filed his 1923 return March 14, 1924. Accordingly, except for suspension periods, the time for assessment of any deficiency therein expired March 14, 1928. The deficiency notice was issued November 11, 1927. From that date, by reason of a petition filed with this Board, the Commissioner was prohibited from assessing the asserted deficiency throughout the balance of the four-year assessment period, a suspension of 124 days. Those extra days, by section 277, were carried forward from and after the date that the decision of this Board became final with respect to the 1923 deficiency. As stated above, the judgment of this Board confirming the Commissioner's asserted deficiency for 1923 in the amount of $95.54 was entered July 30, 1934. Neither the taxpayer nor the Commissioner took exception thereto, and, when the Commissioner appealed as to the Board's decision as to 1924, the decision in regard to the 1923 deficiency was not mentioned in the Commissioner's petition for review. The time within which to bring such an appeal expired three months thereafter, on October 30, 1934. Accordingly, it is the petitioner's contention that, under section 1005, the decision of the Board became final as to the 1923 deficiency on October 30, 1934. Adding thereto the 124 days, plus the 60 days allowed by section 277, the last day for assessment of the 1923 deficiency against the taxpayer became May 2, 1935. And petitioner contends that, the period for assessment against the taxpayer having expired on that date, the period for assessment against himself, as fiduciary, expired, in accordance with section 280 (b) above, one year thereafter, on May 2, 1936. Accordingly, he asserts, the deficiency notice for the 1923 deficiency which was issued to him January 23, 1939, was plainly beyond the period of limitation for assessment of the 1923 deficiency against this petitioner, and is therefore illegal and should be vacated.

While there are no authorities directly in point on this question, we agree with the petitioner's contentions. The problem is, of course, whether, when the Board finds a deficiency for two years in one decision, the decision as to one year can become final while an appeal as to the other year is being heard. This question we answer in the affirmative. The case of *Jacob Brothers Co.* v. *Commissioner*, 64 Fed. (2d) 107, cited by the petitioner does not squarely meet the question. The United States Circuit Court of Appeals for the Second Circuit specifically said that they were not deciding the point. In that case this

Board entered a decision as to three years in one document, which set forth deficiencies for 1919, 1920, and 1921. The petitioner filed a petition for review, specifically presenting for the court's consideration the questions of the correct computation of its invested capital for the years 1919 and 1920. In the redetermination of the deficiency for 1921 no excess profits taxes were involved and no assignments of error were filed to raise any question of error as to that year. The Circuit Court reversed this Board as to 1919 and 1920 and said nothing about 1921. Since they found in favor of the taxpayer on another ground, there was no necessity for a decision on our question, although the court said:

Although the parties by no means agree as to whether the former petition for review was broad enough to cover the redetermination of the deficiency for 1921 or as to whether our previous mandate affected that at all, we think that the action of the Board after our mandate went down and the subsequent inaction of the Commissioner until February 25, 1932, requires the reversal of the order then made, even on the assumption that the former petition for review did include the redetermination of the deficiency for 1921. Accordingly, we shall assume, arguendo, that it did, though we do not decide the point. If it did not, it is obvious that the statute of limitations on the assessment and collection of the 1921 tax ran before our mandate went down.

In the instant case the petition for review did not cover the year 1923, nor do we feel that an appeal from this Board such as the one in this proceeding is broad enough to cover by mere cohesion an undisputed and unrelated deficiency for a separate year. The implication, though not the holding, of the *Jacob Brothers Co.* case, *supra*, supports this conclusion. Consequently, we find in favor of this petitioner as to the amount of the $95.54 deficiency for the year 1923. The respondent is barred by the statute of limitations from assessing this deficiency against the petitioner.

We come now to a consideration of the deficiency for the year 1924, and are confronted with an entirely different problem. The petitioner claims that the decision of this Board in relation to the 1924 deficiency contained two items, viz.:

[1] Ordered and Decided: That there is a deficiency in Federal income tax for the year 1924 in the amount of $537.71.

[2] Ordered and Decided: That the balance of the asserted deficiency for the year 1924 is disallowed.

Inasmuch as the Commissioner was the party who filed the petition for review by the court, the petitioner here contends that only the second of the two items was before the Circuit Court, and as a consequence the decision as to the first item became final when the time for appeal had run. Respondent, on the other hand, contends that separate amounts for the same year can not be treated individually and thus create more than one decision for that year. According to the

viewpoint of the respondent, the entire deficiency for the year 1924 was contained in one compact decision, and as long as any error is assigned in connection with that decision, no component part of the decision can become final before any other; and this is so even though the Commissioner is claiming that at least the amount found by the Board is correct and is now appealing only for a further amount.

The legal effect of the November 11, 1927, notice of deficiency was to suspend the running of the statute of limitations on the making of assessments for the year 1924 until the decision of this Board became final and for sixty days thereafter. Under section 1005 (a) (2), where a petition for review of the Board's decision is filed, the Board's decision does not become final until the expiration of the time allowed for filing a petition for certiorari if, as was the case herein, the decision of the Board has been affirmed. The decision of this Board was affirmed by the Circuit Court on June 21, 1937. The time allowed for filing a petition for certiorari expired three months later. Therefore, on September 21, 1937, by operation of law the Board's decision which had been appealed from in the case of *Estate of John C. Spry* became final. And if, as the respondent asserts, the entire deficiency for 1924 was contained in one and only one indivisible decision, then this action of the Commissioner's is timely, since the statute was suspended for approximately one year and four months, and in addition to this another year is allowed by section 280 in which to assert liability against the fiduciary. Consequently, respondent could have asserted the deficiency even as late as January 1940.

This necessitates an answer to the question of whether, as petitioner contends, there were two separate parts of the Board's decision as to 1924, one of which became final before the other. It must be borne in mind that the Commissioner brought the appeal from the Board's ruling and that this petitioner filed no cross petition to the Circuit Court. While we have found no cases in point on this question, it is our determination that the petitioner's argument fails.

The eighth assignment of error set forth in the Commissioner's petition for review was that the Board had erred in failing to sustain the determination of the Commissioner of a deficiency of $4,860.57 for the year 1924. Thus the Commissioner brought the entire deficiency for that year before the scrutiny of the Circuit Court. The $4,860.57 included the $537.71. Consequently, no part of the decision as to the deficiency for the year 1924 could become final until the time had expired in which to apply for certiorari. To hold otherwise would open the way for many impractical situations wherein the fiduciary might claim the Commissioner is barred by the statute from assessing certain other deficiencies for the same year.

On this issue we find for the respondent. Having already held for the petitioner as to the 1923 deficiency, we conclude that there is a deficiency due and owing from this petitioner in the amount of $537.71, plus interest.

Reviewed by the Board.

*Decision will be entered under Rule 50.*