Paul Rosenthal v. Commissioner.
Rosenthal v. Commissioner
Docket No. 28414.
United States Tax Court
T.C. Memo 1954-47; 1954 Tax Ct. Memo LEXIS 200; 13 T.C.M. (CCH) 482; T.C.M. (RIA) 54152; May 21, 1954, Filed *200 Henry Epstein, Esq., and Edwin D. Hays, Esq., 30 Broad Street, New York, N. Y., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. WITHEY
Memorandum Supplemental Findings of Fact and Opinion WITHEY, Judge: This proceeding is before us under mandate from the United States Court of Appeals for the Second Circuit for further proceedings in accordance with the opinion of that court which appears at 205 Fed. (2d) 505. In its opinion the court reversed our holding at 17 T.C. 1047 that certain transfers made by petitioner to his children were taxable as gifts made by petitioner in 1946. The questions presented for determination under the mandate are (1) whether an agreement dated March 15, 1946, which provided for certain payments and transfers to be made by petitioner to his children and which amended a prior agreement dated July 26, 1944, containing provisions for payments and transfers to be made by him to the children, represents the fruits of a bona fide arm's length transaction without donative intent, and (2) what action is to be taken at this time on an alternative issue raised by the respondent when the proceeding formerly *201 was before us. General Findings of Fact The following facts, some of which were found by us when the proceeding formerly was before us, are set out here to show the circumstances surrounding the questions presented for determination under the mandate and our action with respect thereto. The petitioner was in the military service from March 1941 until July 1945. About the latter part of 1943 negotiations commenced between the attorneys representing his wife. Ethel Rosenthal, with reference to a separation agreement. These negotiations terminated in the petitioner and his wife signing a separation agreement, dated July 26, 1944. On that date they had two children, one was 20 years of age and the other 14 years of age. The agreement provided that the petitioner would make certain transfers of property and annual payments of money to the wife. It also provided that he would make certain other transfers of property and annual payments of money to or for the benefit of the children. The agreement contained terms providing for its alteration, amendment or revocation. In 1944 the petitioner made payment of the cash and other property required by the terms of said agreement to be paid *202 in that year. On September 18, 1944, Ethel Rosenthal obtained a divorce from petitioner. The agreement of July 26, 1944, was approved and adopted in full by the divorce court and was expressly made a part of the decree, which provided that the property rights of the parties and the future support and maintenance of the wife and the care, custody, maintenance and education of the children were to be as provided in said agreement. Among other things, the agreement of July 26, 1944, provided that upon the death of the petitioner's mother during his lifetime, he would create certain trusts for the children. Petitioner's mother died in November 1944. Following her death the petitioner found it desirable to make a funded payment to provide so far as possible for the annual payments which he was required to make under the agreement of July 26, 1944, to or for the benefit of the children. Following negotiations between their separate counsel, petitioner and Ethel Rosenthal, under date of March 15, 1946, entered into an agreement amending the separation agreement of July 26, 1944, so as to permit the funding by petitioner of the annual payments he was required to make to or for the benefit *203 of the children under the separation agreement. Pursuant to stipulation of petitioner and Ethel Rosenthal, the divorce court on March 29, 1946, entered a decree modifying its decree of September 18, 1944, so as to give effect to the provisions of the agreement of March 15, 1946. During 1946 petitioner made the payments and transfers referred to in the agreement of March 15, 1946. In his gift tax return for 1944, the petitioner did not report or include any amount as gifts to his children under the agreement of July 26, 1944. However, he reported as a gift the payments and transfers made to Ethel Rosenthal under said agreement. The respondent determined that the value of such gift as reported was understated and determined a deficiency in gift tax. We determined the value at an amount in excess of that reported by petitioner but less than that determined by respondent and determined that there was a deficiency in tax for the year. In gift tax returns (original and supplemental) for 1946, the petitioner reported as gifts the payments and transfers made in that year with respect to the children under the agreement of July 26, 1944, and the amended agreement of March 15, 1946. The *204 respondent determined that the value of such gifts as reported was understated and determined a deficiency in gift tax. We determined the value at an amount in excess of that reported by petitioner but less than that reported by respondent and determined that there was a deficiency in tax for the year. We entered one decision in which were determined the deficiencies in tax for 1944 and 1946. The petitioner filed a petition for review of our action. The petition for review was only as to our decision for the year 1946. The respondent did not file any petition for review either as to our decision for 1944 or for 1946. Issue 1. Bona Fide Arm's Length Transaction. Findings of Fact Respecting the negotiations between the separate counsel of petitioner and Ethel Rosenthal which culminated in the agreement of March 15, 1946, amending the agreement of July 26, 1944, we found the following facts when the proceeding was before us previously: "In 1945 petitioner consulted attorneys who endeavored to amended the agreement of July 26, 1944, through negotiation, in order to translate the annual payments to the children into one funded payment, in so far as that was possible, and to translate *205 what they thought was the equitable equivalent of the annual payments into one lump sum payment. Accountants were employed, with the knowledge of counsel for the wife. * * * [17 T.C. 1047,]." In addition to the foregoing we make the following findings: The negotiations between counsel for the petitioner and counsel for Ethel Rosenthal which resulted in the agreement of March 15, 1946, extended over a period of approximately six months, and in the negotiations consideration was not given to any matter other than the translation of the petitioner's obligations to the children under the agreement of July 26, 1944, into terms of an equitable fixed amount. In negotiating the agreement of March 15, 1946, counsel for Ethel Rosenthal recognized that under the agreement the lump sum payment to be made by petitioner was less than the total of the annual payments petitioner would be required to make under the agreement of July 26, 1944, but they considered this was offset by the security resulting from the present lump sum payment which counsel for the parties finally agreed upon. The agreement of March 15, 1946, represented the fruits of a bona fide arm's length transaction *206 without donative intent on the part of the petitioner. Issue 1. Opinion In our prior opinion, we concluded from the record before us that we could not find that adequate and full consideration in money or money's worth passed to the petitioner by virtue of the modification made by the agreement of March 15, 1946, in the agreement of July 26, 1944, respecting payments and transfers to or for the children. On appeal, the court of appeals held that the petitioner's promises under the agreement of July 26, 1944, respecting the children, were taxable as gifts in 1944, and that the surrender of those promises in 1946 constituted a valuable consideration for the new promises made by petitioner in the agreement of March 15, 1946. It further held that the question of whether such consideration constituted adequate and full consideration in money or money's worth so as completely to prevent the promises contained in the agreement of March 15, 1946, from being subject to gift tax was dependent on whether that agreement represents the fruits of a bona fide arm's length transaction without donative intent on the part of the petitioner. Since we had made no finding as to that question, the *207 court stated: "The case must therefore be remanded to the Tax Court for determination of this question. If the court then finds that the 1946 agreement does represent the fruits of a bona fide arm's length transaction without donative intent, the 1946 deficiency will of course be expunged in toto and the taxpayer's refund claim allowed." An attorney who represented petitioner and an attorney who represented Ethel Rosenthal in the negotiations leading to the preparation and execution of the agreement of March 15, 1946, testified in this proceeding as to the circumstances and conditions under which the negotiations were conducted, as well as the objective of the negotiations and the agreement. Their testimony shows that the agreement was the culmination of negotiations they conducted with each other over a period of approximately six months, and that in the negotiations consideration was not given to any matter other than the translation of petitioner's obligations to the children under the agreement of July 26, 1944, into terms of an equitable fixed amount. Neither petitioner nor Ethel Rosenthal appear to have participated in the negotiations in any respect. In view of the foregoing *208 and in the absence of evidence that the purpose or intention of the agreement was for the petitioner to make further gifts over and above those contemplated by the agreement of July 26, 1944, we have found as a fact that the agreement of March 15, 1946, represented the fruits of a bona fide arm's length transaction without donative intent on the part of the petitioner. Issue 2. Action to Be Taken on Respondent's Alternative Issue. Opinion When the proceeding was before us originally, the respondent, by amended answer to amended petition, alleged affirmatively and in the alternative that in the event we should determine that the controverted gifts to the children were not made in 1946 but were made in 1944, then we should determine that the value of such gifts constituted taxable gifts in 1944, and should determine a requested increased deficiency for 1944. These allegations were denied by petitioner. Having held, as heretofore indicated, that the gifts in question were taxable gifts in 1946, we found it unnecessary to consider the alternative issue raised by respondent and so stated. In a single decision entered on March 4, 1952, we determined deficiencies in gift tax for 1944 *209 and 1946. The respondent acquiesced and on April 28, 1952, published his acquiescence therein. Ruling 1952-9-13806, C.B. 1952-1, page 4. Respecting the alternative issue raised by respondent, the court of appeals said: "There still remains for consideration the Commissioner's alternative contention that the taxpayer's 1944 promise should be taxed in that year if its release constituted consideration for the later revision. We have already indicated our view that the obligation assumed by the taxpayer in the original separation agreement was taxable in 1944 in the amount of its actuarial value at the time of execution. The rather knotty question to be decided now is whether the Tax Court's disposition of the taxpayer's 1944 return has become final under I.R.C. § 1140, 26 U.S.C. § 1140, and hence can no longer be modified, since there was no petition for review explicitly addressed to the 1944 determination. * * * The Commissioner now says there seems 'no possibility of any doubt whatsoever' that the payments made and to be made must be taxable 'as gifts in 1944, if not in 1946,' and asks us to increase the deficiency in the 1944 *210 tax as he requests and without remand. But he does not brief the point whether the issue remains open, while the taxpayer presents authorities that the decisions for 1944 has become final. "We rather regret that the case for the Government has not covered this point, for our own researches have tended only to support the taxpayer's contention. There would seem much to be said for the argument that, since the taxpayer by his petition for review has removed the basis for the decision below, the case should go back to the Tax Court in the same status it was before the decision, so that that court could consider all contentions then made. An earlier case appears so to hold, Champlin v. C.I.R., 10 Cir., 78 Fed. (2d) 905; and the argument is made in a strong dissent by Justice Stone for himself and Justice Cardozo in Helvering v. Pfeiffer, 302 U.S. 247. But unfortunately the decision in the latter case, by Justice Brandeis, seems rather directly the other way. For it affirmed our decision. Pfeiffer v. C.I.R., 2 Cir., 88 Fed. (2d) 3, that the Commissioner, without filing a cross petition for review, could not save a part of the deficiency he had obtained *211 in the Board of Tax Appeals by showing that the receipts in question, if not taxable as income, were nevertheless partially taxable as capital gains. This holding seems in accordance with the rather strict views of the Supreme Court; thus see cases cited by L. Hand, J., in In re Barnett, 2 Cir., 124 Fed. (2d) 1005, 1014. The tax case of Le Tulle v. Scofield, 308 U.S. 415, 422, note 9, is to the same effect. See also Penfield Co. of California v. S.E.C., 330 U.S. 585, 594. "Since, as these and other authorities show, an appellee may urge any matter appearing in the record in support of a judgment, a conceivable argument might be based upon adding the two deficiencies assessed below to constitute a single judgment, thus justifying an increase in the 1944 deficiency not to exceed this total; the 1946 deficiency could merely be transferred in part at least to the 1944 tax to sustain the previous over-all holding. But this seems precluded, if for no other reason than by the operation of the settled rule that each taxable year is to be treated as a separate unit for assessment and decisional purposes - a rule reaffirmed in the latest decision allowing *212 some consideration of matters outside the year, but merely as a means toward finding the particular year's toll. Arrowsmith v. C.I.R., 344 U.S. 6. This in fact was the holding in Wilson v. C.I.R., 42 B.T.A. 1254, on the issue here presented. We do not see, therefore, grounds upon which to sustain the Commissioner's contention; but, since we have before us strictly only his request that we assess the deficiencies claimed in the 1944 tax, a request we are constrained to deny, we need not try to foreclose him from presenting new light to the Tax Court, if he can find any. Our decision will be limited, therefore, to a reversal of the assessment of the 1946 tax and a remand for its reassessment. "Reversed and remanded to the Tax Court for further proceedings in accordance with this opinion." [Italics supplied.] At a hearing following remand of the proceeding, and in a brief filed subsequent thereto, the respondent has taken the position that the view of the court of appeals respecting the reopening of the proceeding for 1944 and the determination and assessment of an increased deficiency for that year is erroneous. The petitioner contends that the view expressed *213 by the court of appeals is correct and should be followed. While the court of appeals expressly denied respondent's request that it determine that the deficiency for 1944 should be increased, on remand it has left open the question to the extent of permitting the respondent to present to us "new light" on the matter, in addition to that contained in the court's opinion, which he might find. In so remanding the proceeding, the court has given us its view of the matter resulting from its own researches. At the hearing following remand of the proceeding, and on brief, the respondent has cited and relied on a number of cases which he contends support his position that the year 1944 may now be reopened and an increased deficiency be determined and assessed. Of such cases, Champlin v. Commissioner, supra, is cited as "a case virtually on all fours with the instant case." None of the other cases is claimed to resemble so closely, or does closely resemble, the instant case. The court of appeals has considered the decision in the Champlin case and pointed out that, while it appears to hold that where a taxpayer by his petition for review removes the basis for the decision below, the case *214 should go back to the Tax Court in the same status it was before the decision, so that the Tax Court could consider all contentions then made, the later decision of the Supreme Court in Helvering v. Pfeiffer, supra, is to the contrary. Since the holding in Champlin v. Commissioner, supra, which closely resembles the instant case, is obviated by the decision in Helvering v. Pfeiffer, supra, it is difficult to see wherein the holdings in other cases relied on by respondent, and which are less closely in point, aid the respondent here. In Morris K. Wilson, 42 B.T.A. 1254, involving income taxes, and cited by the court of appeals in its opinion in the instant case, we determined deficiencies for the years 1923 and 1924 in one decision. The respondent filed a petition for review in the Court of Appeals for the Seventh Circuit only as to that part of our decision relating to 1924. The question before us was whether the part of the decision relating to 1923 could, and did, become final while the petition for review was pending for 1924, and we held in the affirmative as to both. In its opinion in the instant case, the court of appeals has taken the *215 view that our decision in the Wilson case is applicable here. The respondent has not cited us to anything that is to the contrary. In view of what has been said above, we are unable to conclude that the respondent has presented any "new light" within the contemplation of the opinion of the court of appeals. In this situation we conclude, as the court of appeals indicated in its opinion that we should, that our decision as to the petitioner's gift tax liability for 1944 has become final and that we may not now determine an increased deficiency for that year. Decision will be entered under Rule 50.