By the Court.
 

 Two questions are presented.
 

 The first is the contention of the appellants that long term capital gains are to be treated as “income” for the purpose of ascertaining the percentage of the appellants’ income yield subject to taxation.
 

 Such gains are so considered under the federal income tax statutes, but the law of this state is otherwise, as is disclosed by the following quotations:
 

 Section 5388, General Code. “In listing investments, the amount of the income yield of each for the calendar year next preceding the date of listing shall, excepting as otherwise provided in this chapter, be stated in dollars and cents and the assessment thereof shall be at the amount of such income yield * *
 

 Section 5389, General Code. “ ‘Income yield’ as used in Section 5388 of the General Code and elsewhere in this title means the aggregate amount paid as income by the obligor, trustee or other source of payment to the owner or owners, or holder or holders of an investment, whether including the taxpayer or not, during such year, and includes the following * # * ?>
 

 Section 5389-1, General Code. “For the purpose of Section 5389 of the General Code, the net income received by a trustee from the sources mentioned in said section shall be determined by deducting all expenses attributable solely to particular sources of gross nontaxable income from the income from such sources, and charging the excess, if any, of such expenses over the income from such sources, together with all other expenses and charges, to the taxable gross income from the sources mentioned in such
 
 *328
 
 section. In case net income is accumulated otherwise than under the circumstances mentioned in ' Section 5392 of the General Code, such accumulation, and the cash distribution of the remainder of such net income, shall be considered as made
 
 pro rata
 
 from each source of net income, ascertained as herein required. Income shall be considered to be distributed in cash though it is applied by the trustee to the use of the taxpayer, or used by the trustee in paying premiums on policies of insurance on the taxpayer’s life, or of which he is a beneficiary.”
 

 A study of these controlling statutory provisions discloses no authority to tax profits that result from capital gains.
 

 The second question is whether the federal income tax paid by the trustee on undistributed income is to be considered as an “expense” within the purview of Section 5389-1, General Code,
 
 supra.
 

 The Board of Tax Appeals correctly analyzed the matter in the following statement: ■
 

 “We think it clear that the word ‘expenses,’ as therein used, has been given a limited meaning because the expenses contemplated are those that are chargeable against taxable ‘gross’ income in ultimately determining net income. It is evident that the state intangible tax law does not follow the federal income tax rule because federal income tax is assessed against net and not gross income.
 

 “When a fiduciary pays federal income tax on the estate’s annual net income, as that law requires, it does not follow that a beneficiary may deduct it, or her portion thereof, as an expense against her state intangible personal property tax. The provisions of Section 5389-1, General Code, set forth what ‘ expenses ’ may be deducted.”
 

 
 *329
 
 The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and must be affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Sohngen and Stewart, JJ., concur.