Matthias, J.
The first question raised in this case is whether a taxpayer who elects to file his Ohio personal property tax return under the federal-election method may exclude from such return payments of amounts arising as capital gains earned by a corporation whose shareholders have elected under the federal income tax law to comply with the provisions of Sub-chapter S of the Internal Revenue Code.
A corporation known as a Subchapter S corporation is a corporation having ten or fewer shareholders, whose shareholders have elected under the Small Business Corporation Act to have the income of the corporation treated as the proportionate income of the shareholders for federal income tax purposes, whether distributed or not, and capital gains of the corporation taxed to such shareholders as their individual capital gains.
In other words, for federal income tax purposes the income of the corporation whether ordinary or capital is considered solely as the income of the shareholders.
The Ohio personal property tax is not an income tax as such but is a property tax, the value of such property being measured by the yield or income therefrom. Smilack v. Bowers, Tax Commr., 167 Ohio St., 216, 218, and Pickering v. Bowers, Tax Commr., 168 Ohio St., 569, 571. Although it is not an income tax, the tax on productive investments is measured by the income therefrom.
It might be well to point out at this time that capital gains are income. In MacLaughlin, Collr. of Internal Revenue, v. Alliance Ins. Co., 286 U. S., 244, 249, the court said:
*172 “While increase in value of property, not realized as gain by its sale or other disposition, may, in an economic or bookkeeping sense, be deemed an addition to capital in a later period, see Merchants’ Loan & Trust Co. v. Smietanha, 255 U. S., 509, it is nevertheless a gain from capital investment which, when realized, by conversion into money or other property, constitutes profit which has consistently been regarded as income within the meaning of the Sixteenth Amendment and taxable as such in the period when realized.”
Two alternative methods are provided under the Ohio law for the listing and assessment of intangible personal property.
One is provided for in Section 5711.22, Revised Code, which reads in part as follows:
“In listing investments, the amount of the income yield of each for the calendar year next preceding the date of listing shall, except as otherwise provided in Sections 5711.01 to 5711.41, inclusive, of the Revised Code, be stated in dollars and cents and the assessment thereof shall be at the amount of such income yield * #
“Income yield” as used in this section is defined in Section 5701.10, Revised Code, as follows:
“As used in Title UVTI of the Revised Code, ‘income yield’ means the aggregate amount paid as income by the obligor, trustee, or other source of payment to the owner or holder of an investment, whether including the taxpayer or not, during such year, and includes the following:
ÍÉ# # #
“(B) In the case of shares of stock, the dividends so paid or distributed, other than distributions in liquidation and distributions by an investment company of a gain it realizes on the sale of real property or investments, whether such payment or distribution is in cash, notes, debentures, bonds, other property, or shares of stock, except stock of like kind of the corporation declaring the dividend * #
Under these sections, a taxpayer must pay the tax measured by the entire income yield of an investment he holds on tax listing day, even though he has not as a matter of fact actually received such income due to the fact that he held such investment only a part of the year.
*173 The second method of listing and assessing is provided by Section 5711.10, Revised Code, which provides for the federal-election method which is the one we are concerned with in the present case. This section reads in part as follows :
“If a taxpayer so elects, he may, under uniform regulations prescribed by the Tax Commissioner, in lieu of listing his investments yielding income as prescribed in Sections 5711.01 to 5711.41, inclusive, of the Revised Code, file with his return a verified summary of his federal income tax return for the last preceding taxable year, if such taxable year was a full year of twelve months, itemized and analyzed in such manner as the commissioner may by such regulations prescribe, together with a statement as to the aggregate amount of income received by him during such taxable year derived from investments taxable under such sections, the income from which is not required to be reported for federal income tax purposes. In such case the aggregate amount of income of the taxpayer from investments of the classes taxable under such sections may be included in the taxpayer’s return without specification as to the sources thereof, and shall be taken as the assessment of his investments yielding income, in lieu of the assessment thereof as otherwise prescribed, unless the commissioner finds that such federal income tax return or summary thereof has been improperly made out, in which event the commissioner shall assess such investments on the basis on which the income therefrom should have been reported for federal income tax purposes, and set forth on the summary thereof, or on the basis on which such investments would be required to be listed and assessed under such sections if the election authorized by this section were not made.”
This section was construed in Deeds v. Evatt, Tax Commr., 138 Ohio St., 567. In that case, a corporation distributed to its shareholders both a cash and a stock dividend from stock of another company. Under the federal law such stock dividend was required to be listed and taxed as an ordinary dividend whereas under the Ohio tax law such dividend was not considered as income yield and therefore not a measure of the tax. The taxpayer filed under the federal-election method but contended that such stock dividend should be deducted from the *174 dividends shown on the federal return. The court overruled his contention, holding in the syllabus, as follows:
“1. ‘Income yield’ as defined in Section 5389, General Code [Section 5701.10, Revised Code], is not a proper measure of value of income-producing investments listed by the taxpayer under favor of Section 5372-2, General Code [Section 5711.10, Revised Code].
“2. A taxpayer who lists his investments yielding income under Section 5372-2, General Code, may not deduct from the aggregate amount of income shown in the verified summary of his federal income tax return the value of a dividend in stock
taxable under the federal income tax law.
6 ( =* * #
“4. The method of assessment under Section 5372-2, General Code, is in lieu of the method of assessment provided in Sections 5388 and 5389, General Code.”
In the present case, both parties rely on that case, contending that it supports their respective positions.
The taxpayer filed her return under the federal-election method, and it is her contention that, under the Deeds case, inasmuch as the federal government treated this capital gain of the crane company as a capital gain of the shareholder and it was so returned by her on her federal income tax return, the state is bound by the federal classification of this income. Therefore, it is her conclusion that, since Ohio does not tax the personal property measured by capital gains (Tietig v. Glander, Tax Commr., 149 Ohio St., 326), she properly excluded this income from her return.
Basically, it is the taxpayer’s contention that, where a taxpayer elects to file his tax under the federal-election method, if an item is not listed as a dividend for federal income tax purposes, it is not a measure of the tax under Ohio law.
It is true that this court determined in Tietig v. Glander, Tax Commr., supra, that capital gains are not a measure of the tax under the Ohio law. However, the taxpayer’s position in this respect is completely untenable.
The distribution herein made was not the capital gain of the taxpayer but solely that of the crane company, and the taxpayer was permitted to treat it as capital gain for federal tax *175 purposes only because of having elected to be bound by the provisions of Subchapter S. So far as she is concerned the capital gain to her was purely fictional. The fact that because of her election she was permitted for federal income tax purposes to treat this distribution as a capital gain in no way detracts from the fact that it was income to the taxpayer. Such federal classification is not determinative of the status of this distribution as a measure of the tax under the Ohio tax law. Succinctly stated, the fact that payments to shareholders are not considered dividends for federal tax purposes does not preclude them from being used as a basis of valuation of personal property for state taxation, nor is this the purpose or effect of the federal-election return.
Basically, the purpose and effect of Section 5711.10, Revised Code, are to provide a simplified method for the listing and assessing of investments with the advantage of paying a tax based only on the income actually received by the taxpayer. It is neither the intent nor the purpose of this section to provide a method whereby a taxpayer may, because of a technicality of the federal law, exclude from his reportable income amounts which are a measure of the tax under the Ohio law.
This is clearly exemplified by an examination of Section 5711.10, Revised Code, which provides for a summary of the federal income tax return, not merely the dividend portion thereof, and a taxing of the taxpayer’s investments measured by the aggregate income, including therein income which is not required to be reported for federal tax purposes.
The basis of the valuation of productive intangible personal property for taxation, whichever method of return is elected by the taxpayer, is the income therefrom, and what is income for this purpose must be determined under the law of Ohio.
Clearly, therefore, the distribution arising from the sale of capital assets by the crane company constituted income to the taxpayer herein and as such was properly included in the valuation of her stock for taxation under the Ohio intangible personal property tax law.
This conclusion is entirely harmonious with the decision in fhe Deeds case.. In that case, this court determined that amounts *176 reported as income for federal tax purposes must be reported for state tax purposes even though such amounts would not ordinarily be a measure of the tax under the state laws. There is no question that the amounts herein involved were required to be reported as income for federal income tax purposes. The fact that because part of them consisted of capital gains and were thus subject to different tax rate treatment does not in any way detract from the fact that the payments were income.
This brings us to a consideration of the second question raised by the taxpayer: Whether the undistributed income must also be included as income yield in the assessment of the taxpayer’s intangible personal property.
In view of our holding in the Deeds case, the answer to this question is clear. Since the undistributed income was reported and taxable on the taxpayer’s federal income tax return and since the taxpayer elected to file under the federal-election method, the taxpayer is bound, under the Deeds case, by such election and the undistributed income must be included as income yield even though in the absence of this election such would not be the case.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Zimmerman, O’Neill, Griffith and Radcliff, JJ., concur.