FRANK ZORRILLA, SECRETARIO DEL TRABAJO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, ETC., demandante y recurrido, *v.* CEMENTERIO CATÓLICO PORTA COELI, INC., y HÉCTOR MARTÍNEZ DÁVILA, demandados y recurrentes.

*Número:* R-65-11    *Resuelto:* 11 de junio de 1965

*Dubón & Dubón,* abogados de los recurrentes; *Manuel Janer Mendía* y *Eddie Gaud,* abogados de los recurridos.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

SENTENCIA

San Juan, Puerto Rico, 11 de junio de 1965

■ El Secretario del Trabajo, en representación y para beneficio de ciertos obreros, reclamó a la recurrente salarios dejados de pagar a tenor de los Decretos Mandatorios Núms. 11 y 44 aplicables a la industria de la construcción. Visto el caso, en sus conclusiones de hecho la Sala sentenciadora determinó que los obreros eran empleados de la recurrente quien opera un cementerio en Bayamón; que el trabajo que ellos realizan consiste en la excavación de fosas y en ligar cemento para llenar molduras usadas en dichas fosas; que la forma de hacer las fosas es la siguiente: con pico y pala cavan la fosa y la nivelan. Después de nivelada le ponen un cuadro de concreto prefabricado hecho por los mismos empleados y para construir el cual usan varilla y cemento; después de poner ese cuadro de concreto nivelado dentro de la fosa nivelada se le hace el fondo a ésta con cemento y arena. Que cuando los obreros no estaban haciendo esta clase de trabajo trabajaban en el desyerbo, conservación y mantenimiento del cementerio así como en mantener en buenas condiciones el equipo usado en relación con la inhumación de cadáveres y el ornato y conservación de la grama y los terrenos en general.

Concluyó la Sala sentenciadora como cuestión de derecho que los Decretos Mandatorios Núms. 11 y 44 para la industria de la construcción cubren el caso de estos obreros en su labor de construcción de fosas, y declaró con lugar la demanda.

■ Visto el texto de los Decretos Mandatorios Núms. 11 y 44 y el amplio alcance de los mismos, la recurrente no nos ha convencido que dichos Decretos Mandatorios no fueran aplicables a los obreros reclamantes en la labor mencionada, debiendo ser aplicados e interpretados dichos Decretos como

ordena la ley de manera liberal en favor de los obreros. Véanse: *Sierra, Comisionado* v. *Llamas*, 73 D.P.R. 908 (1952) y *Sierra Núñez* v. *Const. Equipment Corp.*, 90 D.P.R. 141 (1964), en donde dijimos: "La base primordial para fijar salarios mínimos, definir y clasificar industrias conforme a ese estatuto—29 L.P.R.A. sec. 223—es la naturaleza de la actividad que se lleve a cabo por el empleado que la ejecuta, sin importar a qué tipo de ocupación se dedica la empresa o patrono que lo emplea."

Se confirma la sentencia recurrida que dictó la Sala de San Juan del Tribunal Superior en 11 de diciembre de 1964.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Ignacio Rivera
*Secretario*