JOSÉ ALMODÓVAR y OTROS, querellantes y recurrentes, *v.* SUCESIÓN J. SERRALLÉS, querellada y recurrida.

*Número:* R-65-276      *Resuelto:* 10 de mayo de 1968

*Francisco Aponte Pérez* y *José A. Aponte Pérez,* abogados de los recurrentes; *Leopoldo Tormes García* y *Alberto J. Torruella,* abogados de la recurrida.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

PER CURIAM: Considerada la prueba aportada por las partes el tribunal de instancia formuló las determinaciones de hechos siguientes que debemos considerar para la adjudicación de las cuestiones que se plantean en el presente recurso:

"1. . . . . . . . .

2. La demandada Sucesión J. Serrallés era durante el período a que se refiere la querella y lo es en la actualidad, una sociedad civil con fines agrícolas. Se ha dedicado y se dedica a la siembra y cultivo de caña de azúcar y a la crianza de ganado. Posee terrenos y administra terrenos de otras personas. Es dueña de las colonias conocidas por Mercedita, Laurel, Cintrona I, Cintrona II, Ponceña, Ana María Mercado, Ursula, San José, Boca Chica, Esperanza, Perseverancia, Delicias, Jauca, Los Llanos y Río Cañas. Es condueña de las colonias Unión y Barrancas.

Félix J. Serrallés Nevárez, Juan A. Wirshing y Juan E. Serrallés forman parte de la Sucesión J. Serrallés. Son arrendatarios de las colonias Unión, Barrancas y Restaurada, respectivamente.

La sucesión demandada no es ni lo fue durante el período comprendido en la querella dueña o explotadora de molino azu-

carero alguno. El molino azucarero conocido como Central Mercedita durante ese período era y es actualmente propiedad de la corporación industrial Central Mercedita, Inc., personalidad jurídica distinta de la Sucesión demandada.

3. .  .  .  .  .  .  .  .  .

4. La labor de los querellantes durante el período comprendido en la querella consistía en la reparación de bombas de riego, mantenimiento de pozos profundos y reparación y mantenimiento de grúas y romanas, utilizadas por la demandada.

Hasta el 1958 los pozos profundos eran construídos por terceras personas bajo contrato con la demandada, señores Antonsanti y Chardón pero después de hacerse cargo de la sección de pozos y grúas el ingeniero Vivas, la demandada adquirió equipo y los construye bajo la dirección de Vivas.

5. Los querellantes nunca trabajaron en el taller donde se realizaban las reparaciones de piezas o implementos y equipo agrícola de la demandada. Estas reparaciones se efectuaban bien en el taller de Mercedita o en el taller de Capó, ambos con organización propia y dirigidos y supervisados por otras personas que no eran Hernández, Rivera, Clemente o Vivas.

6. El trabajo realizado por los querellantes siempre se realizó en las distintas colonias de la demandada o en las fincas de colonos independientes a quienes ocasionalmente le prestaron servicios. Siempre tuvieron a su disposición y servicio tres vehículos distintos para trasladarse a las fincas. El trabajo realizado por los querellantes es de naturaleza agrícola.

En aquellas ocasiones en que los querellantes trabajaron para colonos particulares, los colonos pagaban directamente a los querellantes sin la intervención de la querellada. (Véase declaración de Ramón Berríos.) Desde el 1958 los querellantes no han prestado servicios a colonos particulares.

Los materiales de reparación utilizados por los querellantes se almacenaban o depositaban en un ranchón en la colonia Boca Chica. Ese ranchón no es un taller ya que allí no hay tornos, cepillos, prensa hidráulica o maquinaria."

A base de esas determinaciones concluyó, como cuestión de derecho, que la labor realizada por los querellantes no está cubierta por la Ley de Normas Razonables del Trabajo por estar comprendida dentro de la exención para el trabajo agrí-

cola a que se refiere la Sec. 13(a)6, 29 U.S.C. 213(6).([1]) Con vista de ello dictó sentencia desestimando la querella en su totalidad.

Los recurrentes señalan que el tribunal de instancia incidió al resolver sobre la inaplicabilidad de la mencionada ley federal, planteamiento que está íntimamente ligado con el que se refiere a que las determinaciones de hechos no representan el balance más racional, justiciero y razonable de la prueba. Aunque en la consideración de toda la prueba probablemente hubiésemos llegado a determinaciones distintas a las del juez a quo, no puede negarse que las transcritas precedentemente tienen base suficiente, especialmente la que se relaciona con la naturaleza y el pago de la labor realizada por los querellantes para otros colonos.

Ahora bien, surge igualmente claro que si bien la querellada es una empresa dedicada principalmente a la agricultura de caña, el trabajo realizado por los reclamantes— reparación y mantenimiento de bombas de riego, pozos profundos, romanas, y otros menesteres—está cubierto por el Decreto Mandatorio Núm. 45 de la Junta de Salario Mínimo aplicable a la industria de metales, maquinaria, equipo de transportación, instrumentos y productos relacionados, 29

---

[1] En general, véanse, en relación con actividades comprendidas dentro de la exención, *National Labor Relations Bd.* v. *Olaa Sugar Company,* 242 F.2d 714 (9th Cir. 1957); *Holtville Alfalfa Mills* v. *Wyatt,* 230 F.2d 398 (9th Cir. 1955); *Damutz* v. *Pinchbeck,* 158 F.2d 882 (2d Cir. 1946); *Vives* v. *Serralles,* 145 F.2d 552 (1st Cir. 1944); *Miller Hatcheries* v. *Boyer,* 131 F.2d 283 (8th Cir. 1942); y en relación con actividades no cubiertas por la exención, *Farmers Reservoir and Irrig. Co.* v. *McComb,* 337 U.S. 755 (1949); *Mitchell* v. *Huntsville Wholesale Nurseries, Inc.,* 267 F.2d 286 (5th Cir. 1959); *Mitchell* v. *Hunt,* 263 F.2d 913 (5th Cir. 1959); *Chapman* v. *Durkin,* 214 F.2d 360 (5th Cir. 1954); *Calaf* v. *Gonzalez,* 127 F.2d 934 (1st Cir. 1942); *Gonzalez* v. *Bowie,* 123 F.2d 387 (1st Cir. 1941); *Jordan* v. *Stark Bros. Nurseries & Orchards Co.,* 45 F.Supp. 769 (D.C. Arkansas 1942); *Goldberg* v. *Asso. Azucarera Co-op,* 15 W.H. Cases 166 (1961); *Tobin* v. *Wenatchee Air Service, Inc.,* 10 W.H. Cases 681 (1952); cf. *Ocasio Calo* v. *Fajardo Sugar Co.,* 88 D.P.R. 572 (1963).

R.&R.P.R. secs. 245n–661 a 664.(²) Conforme resolvimos en *Campos de Encarnación* v. *Sepúlveda*, 94 D.P.R. 74 (1967), la base para fijar salarios mínimos es la naturaleza de la actividad que se lleva a cabo por el empleado que la ejercita, irrespectivamente de la clase de ocupación a que se dedique la empresa o patrono que lo emplea. En el mismo sentido, *Sierra Núñez* v. *Const. Equipment Corp.*, 90 D.P.R. 141 (1964); *Sierra Berdecía* v. *Pedro A. Pizá, Inc.*, 86 D.P.R. 447 (1962). Por tanto cualquier labor realizada por los querellantes para la querellada a partir del 6 de julio de 1958, fecha en que comenzó a regir el decreto Núm. 45, deberá ser compensada de acuerdo con lo que allí se establece; y cualquier labor realizada a partir de la vigencia de la Ley de Salario Mínimo, conforme a lo dispuesto en su Sec. 6(d)I, 29 L.P.R.A. sec. 245e.(³)

*Se deja sin efecto la sentencia dictada por el Tribunal Superior, Sala de Ponce, en 24 de noviembre de 1965, y se devuelve el caso para ulteriores procedimientos.*

---

(²) Este decreto fue reemplazado por el Núm. 71, 29 R.&R.P.R. secs. 245n–921 a 924, efectivo en 3 de febrero de 1965.

(³) La aplicabilidad de la legislación sobre salario mínimo y del Decreto 45 fue planteada ante el tribunal de instancia en el memorando de los querellantes como un "fundamento adicional" para la procedencia de la reclamación.